[No. 586. Decided January 31, 1889.]

F. M. THORPE, JOHN E. HALE, AND ANTOINE BERTRAM, GEORGE SPLAWN, C. A. SPLAWN, AND F. M. THORPE, *Executors of the will of Margaret Thorpe, deceased,* v. THE TENEM DITCH COMPANY.

IRRIGATION — APPROPRIATION OF WATER — RIGHTS OF PATENTEE — CUSTOM — ASSIGNMENT OF RIGHT TO CORPORATION — ENFORCEMENT.

The prior appropriator of the flow of any water over the public lands of the United States has, by a local custom which is recognized by the United States, a vested right therein, which cannot be defeated by one who, having consented to such appropriation, subsequently files a homestead entry and obtains a patent for the land.

Conceding that the statutes of Washington Territory of 1873 do not extend the right to appropriate water to any except land owners, they are not intended to restrict the right of prior appropriation as it existed by the local customs and under decisions of the courts, by which it was immaterial whether the appropriator was a land owner or not.

Where proprietors of a ditch have transferred the right to control the water for their individual use to a corporation created for and engaged in the business of farming and irrigation, the corporation is a trustee of an express trust, and may sue as such to enforce the rights of such proprietors to the water appropriated.

*Appeal from District Court, Kittitas County.*

*Burke & Haller,* and *Richard Gowan,* for appellants.

*D. Gaby,* and *Turner, Forster & Turner,* for appellee.

The opinion of the court was delivered by

LANGFORD, J.—This is a case where the beneficiaries of the plaintiff claim to have appropriated two-thirds of the waters of Tenem creek in 1873. The property is situated in Yakima county, Wash. T. The neighborhood where the ditch is said to have been located and the water appropriated consisted, at the time of the commencement of the ditch, of no more than eight or nine persons. The land was unsurveyed land of the United States. All of these parties in the neighborhood, except Thorpe and Hale, composed a company for the purpose of appropriating the water, partly for the benefit of the land already taken by one or two of its members, and partly for the purpose of being used at some future time by other settlers locating upon the land which was to be watered by the ditch. The defendant Thorpe did not become a member of the company, but claimed land below where the ditch tapped the creek. He was fully aware of the formation of the company, and its purposes, and made no objection whatsoever to the parties taking the water as the ditch and the survey indicated. Afterwards, in 1874, when the ditch company attempted to dig the ditch across Thorpe's land, he objected to their digging the ditch at that particular place on his land, but consented to their digging it at some other place. The company thereupon had a consultation with Thorpe and his wife as to digging the ditch at the place where Thorpe objected to having it dug, and finally Thorpe signed an

agreement of arbitration; his wife being present and consenting thereto. The head gate and the part of the ditch constructed was sufficient to take two-thirds of the water of Tenem creek into the ditch, and the survey showed that it was the intention of the parties to continue the ditch at that size—enough to draw off that amount of water. The company continued work on the ditch until it was completed, in 1875, and after it was completed appear to have taken all of the water in the dry season into the ditch, leaving Thorpe and the other parties without any water whatsoever. Thereupon Thorpe dug another ditch, tapping the creek above the mouth of the plaintiff's ditch, whereby he drew off nearly if not all of the water of the creek, diverting it from the plaintiff's ditch; whereupon the plaintiff brought suit for damages and injunction, and the court adjudicated that the ditch company was entitled to two-thirds of the water, and defendants Thorpe and Hale to one-third.

Thorpe was a person who had the qualifications which would entitle him, when the lands became subject thereto, to make a homestead entry of the land, but he had made no actual appropriation of the water except by a number of ditches which were indefinite in size and extent, but which were sufficient, when filled, to use all the water in the dry season out of the creek; but these ditches, so constructed, were made after the plaintiff's appropriation in 1873. The land was surveyed in 1873, and Thorpe made a homestead entry or filing in 1874. The plaintiff claims, according to the local custom of the country and the decisions of courts and the act of 1873 of the legislature of Washington Territory, it was the first appropriator; that the first appropriator of water upon the public lands of the United States obtains a vested right to the water so appropriated; and that no subsequent entry of the land could divest this vested right. The defendant claims that, by virtue of his settlement upon the unsurveyed public lands

with intent to take them as a homestead, the inchoate and equitable title was vested in him to that land, and, as an incident thereto, the natural flow of the stream over it. It is the opinion of the court that the prior appropriator of the flow of any water over the public lands of the United States has a vested right therein; that, so far as the right of prior appropriation exists, it exists by virtue of the laws of the United States and the proprietorship of the United States; that the local custom itself forms a law which is recognized by the United States as giving the right to the first appropriator, and that, so long as these laws of the United States control the public lands, this right of prior appropriation exists as the law of the land; that, when the United States loses control over the land, and the control thereof is left to the states or territories, then the right of prior appropriation, under the laws of the United States, ceases, and not till then. This rule would cause the right of appropriation to exist as against Thorpe and Hale until they obtained a title to the land and a vested right from the United States which could be held independent of the proprietorship of the United States. In other words, it existed until the United States had made a primary disposal of the soil. The government of the United States never made primary disposal of this soil to Thorpe or Hale until long after the appropriation of the water by the ditch company. The government of the United States cannot be said to have disposed of land under the preëmption law until final proof and payment, and not under the homestead law until final proof of the homesteader, which entitles him to a patent. The defendant claims that having obtained a patent to the land in 1880, by virtue thereof the title to the land gives him the right to the natural flow of the water thereon from his time of filing, notwithstanding the water had been previously appropriated by others with his consent. The doctrine of relation is a fiction of law which is applied for the purpose of the furtherance of justice, but

never is invoked and enforced for the purpose or to the effect of violating private agreement or to work injustice to others. The right of prior appropriation is said to be a vested right, and certainly the agreement of all the neighbors that water can be and is appropriated by the first settlers of that locality in a certain way is such a custom as the act of congress of 1866 designates as vesting a right. Local customs of appropriating water may be established by miners' meetings, or by common agreement of all the people in the locality, which latter was its manner of adoption in this case, and the defendant cannot claim that the doctrine of relation shall be given effect against this local custom, to which they agreed in common with all the people then in that locality. These principles, when applied to this case, sustain the decision of the district court as to all the defendants and all the intervenors, for the other defendants and the intervenors are later in the initiation of their rights than the defendant Thorpe. Indeed, many, if not all, of the intervenors fail to show any actual appropriation or riparian proprietorship.

It has been claimed that the statutes of the Territory of Washington of 1873 do not extend the right to appropriate water to any except land owners. If this were true, such act of the territorial assembly could not restrict the right of prior appropriation as it existed by the local laws and customs and the decisions of the courts, and certainly the legislature did not intend to limit or destroy those rights. The local laws and customs extended the right not only to proprietors of mines and land, but to any others who, for the purpose of any sort of business or trade, or even the sale of water, actually made the appropriation. If this be true, it is entirely immaterial whether the members of the company or the company itself were the proprietors of the land.

The defendant also objects to the plaintiff recovering in this instance for the want of corporate power to bring suit

—*First*, because the corporation is not authorized to hold lands; and, *second*, because the members of the ditch company have not conveyed title to the corporation by regularly executed deeds. It appears that the original company which appropriated this water was not at first incorporated. All held a common interest in the ditch, which each was to use for his individual farm. The use of the water was individual, though the taking and appropriation were joint. A corporation could be formed under the act to provide for the formation of corporations. St. 1873, § 1, p. 398. This power to incorporate was not limited by the statute of the same session on page 520, § 1. A corporation could exist under the first cited act, and could own or use land for any purposes mentioned therein, one of which is farming purposes. A corporation thus existing could exist for farming purposes. This corporation existed for farming purposes by any fair construction of that term. Until this land was transferred to them they would not have the title to the land merely because the stockholders were proprietors, but they could exist for the purpose of farming, although they did not own the land; and farming included the power to irrigate. Then the original organization was valid for the purposes of farming and irrigation. The right of the original proprietors is quite another question, but it is not claimed here that the corporation made any prior appropriation whatsoever, but that it simply holds by virtue of the transfer to the company of the power to control the water by the individuals of the company who had previously acquired the right. Before this action was brought, the individuals who were the proprietors of the land incorporated themselves formally, and in a written instrument transferred the right to control the water for their individual use to the corporation. This certainty would make the corporation a trustee of an express trust, and the transfer of the control and the ditch in actual possession of that

corporation would be sufficient to create a title by which the corporation could sue as trustees of an express trust.

As the briefs of the respective parties refer to the authorities which have been examined, it is not deemed necessary to cite them in this opinion. The opinion is the result of the authorities so cited.

ALLYN, J., concurs.