[No. 3125. Decided June 22, 1899.]

J. W. OFFIELD, *Respondent,* v. BENJAMIN ISH *et al.,* *Appellants.*

WATERS—RIGHTS BY APPROPRIATION—IRRIGATION.

Appropriation of water for irrigation consists in the intention, accompanied by reasonable diligence, to use the water for the purposes originally contemplated at the time of its diversion.

SAME—CUSTOM OF ACQUISITION.

The custom of the acquisition of the right to water for use in irrigation existed upon public lands of the United States in 1877.

SAME—LOCATION OF STREAM—POINT OF DIVERSION—EFFECT ON RIGHTS.
    The right of appropriation of water for irrigation is not con-
trolled by the location of the stream with reference to the prem-
ises which are irrigated, or by the change from time to time of the
point of diversion.

Appeal from Superior Court, Garfield County.—Hon.
MARK A. FULLERTON, Judge *pro tem.*  Affirmed.

*M. F. Gose* and *Gose & Kuykendall,* for appellants.

*S. G. Cosgrove,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Suit to enjoin the diversion of water.  In
November, 1877, respondent settled upon the lands de-
scribed in the complaint and received a patent therefor in
February, 1882.   A stream of water, formed from con-
fluent springs, flowed across the premises, entering from
the south side thereof and running thence in a northerly
direction to the Snake river, on the northern boundary of
said premises.   Appellants severally occupy premises fur-
ther up the stream, and through which it flows.   Appel-
lants' grantor settled on premises, upon which they have
been diverting the waters of the stream, in the autumn of
1881, as a pre-emption claim, and received a patent there-
for in June, 1884.   Appellant Benjamin Ish is the owner
in fee, and the other appellants are his tenants.   The
springs which are the source of the stream are situated
southwesterly from appellants' premises, and flow north-
erly through the same to and through respondent's prem-
ises, and this stream is the only one touching any of the
lands in question except Snake river, which flows along
the north side of respondent's premises.   Appellants have
no water except said stream.   Portions of the lands of
appellants are adapted to the growth of fruits, vegetables
and berries, and require irrigation, and so do the premises
of the respondent.   The superior court made the following
finding:

" That in the spring of 1878 the plaintiff appropriated all the water of the stream above described by the means of the ditch, the head of which was on the above described lands and premises settled by the plaintiff, and conveyed said water over and across said premises by means of said ditch and used the same for the purpose of irrigating the grounds preparatory to planting orchard trees afterward planted by him on said land; that said plaintiff planted during the spring of said year 2200 trees, and all of the water flowing down said stream was conducted through said ditch and used in preparing the soil for planting and for irrigating said trees after the same were planted during the irrigating season during the year of 1878, to-wit: During the months of March, April, May, June, July, August and September; that the use to which plaintiff applied said water was a beneficial use and the whole of the water was necessary for the proper care and cultivation of the orchard by him planted during the said season; and continuously since said time the plaintiff and his said grantors have gradually enlarged said orchard; and ever since the year of 1878 the whole of the water of said stream has been required and actually used in the necessary and proper cultivation and irrigation of said orchard; during the irrigating season aforesaid, and at the time of the attempted diversion or diversions as hereinafter mentioned the whole of the water flowing down said stream was actually appropriated and used by the plaintiff in irrigating and carrying forward his orchard; and said waters were during all the said time and are now applied by the plaintiff to a beneficial use."

And also found that appellants used a small quantity of water from said stream in the year 1881 for irrigating a small garden, but that not a sufficient amount of water was used to perceptibly diminish the flow of water below, and that no water was used for irrigating purposes thereafter by appellants until the year 1891, at which time he used a small amount of the water of the stream for irrigating the garden, but that it did not perceptibly diminish the flow of the water below; that appellants, in the year

1895, built a dam across the channel of one of the branches of the stream above the lands of respondent, and thereby caused a part of the waters to flow out of its natural channel away from the lands of the plaintiff, and appropriated the water to their own use for irrigating purposes, and that in the month of July, 1896, appellants wrongfully, and without the consent of the plaintiff, built a dam across one of the branches of the stream above the lands and premises of the plaintiff, and diverted the waters of said branch from its natural channel and used it for irrigating purposes; that before the commencement of the action, respondent demanded of appellants that they remove the dam and permit the waters to flow freely and unobstructed, but appellants refused to remove such dam and declared it their purpose to divert water from such stream for irrigating purposes upon their premises. Counsel for appellants excepted to the finding of appropriation made by respondent as not supported by the testimony, but, after a careful examination of the testimony, we are satisfied with the conclusion of the superior court. Respondent, in November, 1877, settled upon the premises afterwards patented to him. In the spring following he planted a large orchard and evinced his intention to appropriate the water for irrigating purposes by posting notices claiming the same, and we think he continued with reasonable diligence thereafter to apply the water to beneficial use. He had something over 120 acres of land. It appears that all the water of the stream was necessary for the uses to which the land was put. It was arid and required irrigation. He continued from year to year to improve the premises, put out more fruit trees and cultivated more of the land, as is usually done by farmers in improving new land. Appropriation of water consists in the intention, accompanied by reasonable diligence, to use the water for the purposes originally contemplated at the time of its

diversion. At the time respondent settled upon these premises and appropriated the water for use in irrigation thereon, all the lands upon the stream, from its source to its .confluence with the Snake river, were public lands of the United States. The custom of the acquisition of the right to water for use in irrigation existed here upon public lands of the United States at the time respondent settled upon his premises. *Thorpe v. Tenem Ditch Co.,* 1 Wash. 566 (20 Pac. 588); *Ellis v. Pomeroy Improvement Co.,* 1 Wash. 572 (21 Pac. 27); *Geddis v. Parrish,* 1 Wash. 587 (21 Pac. 314).

The fact appearing that respondent first diverted the water from the stream where it ran through his own premises does not militate against his appropriation. The right of appropriation, as defined by the best authorities, is not controlled by the location of the stream with reference to the premises which are irrigated; and the further fact that the point of diversion may have been at times changed does not affect the right. The right to use the water is the essence of appropriation; the means by which it is done are incidental. These considerations being decisive of the case, other questions discussed relative to the claim of right by prescription and the principles controlling the same, and the distribution of water among equal riparian owners, are immaterial here.

The judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.