[No. 3917.   Decided February 26, 1902.]

PHILIP MILLER et al., *Appellants*, v. LAKE IRRIGATION COMPANY et al., *Respondents*.

APPROPRIATION OF WATER FOR IRRIGATION — ACTION TO QUIET TITLE — SUFFICIENCY OF COMPLAINT.

In an action to quiet the title of contending claimants for the use of the waters of a stream, the complaint is sufficient as against an objection to the introduction of proof thereunder, when it alleges that plaintiffs are the owners in fee simple and in possession of the first right to divert the waters of said stream for irrigation, stock and domestic purposes.

SAME — JOINT SUIT BY OWNERS OF LAND IN SEVERALTY.

Owners of land in severalty, who have diverted the waters of a stream into a common ditch, under a joint act of appropriation, may maintain a joint action to quiet title thereto against other claimants.

APPEAL — FINDINGS OF FACT — REMAND TO LOWER COURT FOR FINDINGS.

Upon reversal of an equitable action involving priorities in the right of appropriation of waters, the supreme court will not make findings of fact as tendered by plaintiffs, when no findings had been tendered by defendants and considered by the lower court, but will remand the case for findings by the lower court determining the priorities of the various claimants.

Appeal from Superior Court, Chelan County.—Hon. JESSE P. HOUSER, Judge. Reversed.

*Kauffman & Frost* and *Edward Pruyn,* for appellants.

*Mires & Warner* and *Graves, Englehart & Martin,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to quiet right to water. Philip Miller and nine others joined as plaintiffs, claiming water by appropriation from Stemilt Creek, in Chelan county. The allegation of right in the complaint is as follows:

"That plaintiffs are the owners in fee simple and in possession of the first right to divert, for irrigation, stock, and domestic purposes, from Stemilt Creek, situated in the county of Kittitas, now Chelan, Washington, four hundred inches, miner's measure, under a six-inch pressure of the waters of said creek."

It is then alleged, in substance, that each of the defendants claims some interest in and title to the water adverse to the title and interest of plaintiffs therein, and that such claims are without right. It is further alleged "that these claims of the defendants constitute clouds upon the title

of plaintiffs to the premises, and hinder plaintiffs in the use and enjoyment of the same," and the prayer for relief is "that defendants set up their claims in and to the premises, if any they have, and that on the hearing such claims be declared without foundation and clouds upon the title of plaintiffs to the premises," and for injunctive relief. The defendants filed a number of separate answers. The two irrigation companies, defendants, filed separate answers. The material allegations in all the answers may be grouped together. The answers, with one or two exceptions, deny the allegations of right and ownership alleged by plaintiffs, and then set up in defendants such ownership of the right to water in terms similar to the allegations of right stated in the complaint. Thus, the answer of the Lake Irrigation Company alleges that it "is the owner in fee simple and in the possession and enjoyment of the first right to divert for irrigation, stock, and domestic purposes, . . . and that said plaintiffs and said defendants, and each of them claim, some interest in and title to the said water right adverse to the title, estate, and interest of this defendant." Then is stated the claim to a specific appropriation of water for irrigation, stock, and domestic purposes; and the prayer of the defendants is that each of them be decreed the owner of the right to use the water, and for an injunction against inferior rights. The prayer of some of the defendants is that the right to use the water and priorities between the parties be determined. No motion or demurrer to the complaint was interposed. The cause proceeded to trial, and at the conclusion of the opening statement of counsel for plaintiffs an objection was made to the introduction of any evidence under the complaint, and motion for non-suit upon such statement. The substance of the statement was that three qualified

appropriators, some time in the year 1884, began the construction of a ditch from the creek to cover arid lands which they occupied in that vicinity, and that the appropriators were residing upon said lands; that the lands were unsurveyed public lands, and that the appropriators intended to obtain them under the desert land and homestead acts; that such appropriators constructed a ditch, and thereafter with reasonable diligence diverted the water for the purposes of irrigation,—with a statement of the title deraigned by the plaintiffs from these three appropriators, and a statement of the quantity of the appropriation, and that such appropriation was prior to that of all the other defendants. At the conclusion of the statement, and before the objection and motion was made, counsel stated upon inquiry that the plaintiffs own their land in severalty. The court reserved its ruling provisionally on the objection to the introduction of testimony, and the motion for non-suit, until the evidence was adduced by the plaintiffs, when it was renewed, and further reserved until the taking of testimony in the cause was concluded. The motion for non-suit was then sustained, and the cause dismissed, the plaintiffs excepting; and from the judgment of dismissal plaintiffs appeal.

1.   Counsel for plaintiffs at the conclusion of the trial tendered findings of fact and conclusions of law, which the court refused to make, to which rulings exceptions were taken. It is apparent from an inspection of the complaint that, as against the objection to the introduction of testimony, a cause of action is stated. The suit is of a nature similar to many that have arisen in controversies involving the use of waters for irrigation from streams upon the public domain. No riparian question has been suggested in the present controversy. The theory of the complaint is

to quiet the title of contending claimants for the use of the waters of Stemilt Creek. It is also the theory of the answering defendants. The allegation in the complaint of ownership of the right to the use of the water is sufficient. 17 Enc. Pl. & Pr. 328; *Rogers v. Miller,* 13 Wash. 82 (42 Pac. 525, 52 Am. St. Rep. 20).

It was observed in *Ballou v. Hopkinton,* 4 Gray, 324:

"In regulating the rights of mill owners and all others in the use of a stream, wherein numbers of persons are interested, equity is able, by one decree, to regulate their respective rights, to fix the time and manner in which water may be drawn, and within what limits it shall or shall not be drawn by all parties respectively; and thus it is peculiarly adapted to the relief sought against such alleged nuisance and disturbance, and affords a more complete and adequate remedy than can be afforded by one or many suits at law. *Bemis v. Upham,* 13 Pick. 169; *Bardwell v. Ames,* 22 Pick. 333."

2.    The reasons for the non-suit, as urged by counsel for respondents, are a fatal variance between the allegations of ownership in the plaintiffs and the evidence at the trial. An examination of the testimony discloses that the claim of plaintiffs is founded upon an appropriation made in 1884, by three qualified appropriators of water, of a ditch constructed jointly by the three and held by them in common use. The water diverted by all into the same ditch was thereafter used upon premises claimed by each of the appropriators. If a certain quantity of water was diverted into a common ditch, as indicated in the evidence,—and certainly as specified in a notice of appropriation that the three appropriators made at the time,—and thereafter devoted by them to beneficial uses in irrigation, it would seem to be immaterial as to whether their lands are held in severalty. It may be a joint ownership or ownership in

common of the water right and ditch. Kinney, Irrigation, § 301; Long, Irrigation, § 75. The plaintiffs have no controversy as between themselves. They may agree as they choose in their use of the water when the right is acquired. After the water is diverted into their ditch, they may make their own distribution. Their controversy is with the defendants relative to the right to use the water claimed in the appropriation made in 1884. There was not failure of proof on the part of plaintiffs of appropriation and use of water. The evidence offered by the defendants also tended to show rights of each of defendants by appropriation to the use of the water from the creek. But the priority of right to the use of the waters from this stream was the vital issue before the court. The granting of the non-suit was error.

3. Counsel for plaintiffs tendered findings of fact at the conclusion of the trial, which were refused; and this court is now requested to make such findings, and determine the priorities of the respective parties, and make its final decree thereon. If findings had been tendered by the defendants who claim rights, and considered by the superior court, as were those tendered by the plaintiffs, we should be inclined to determine the cause upon the testimony here, as it is an equitable suit. But we rather conclude, as the record is presented, that the superior court should have an opportunity to find the necessary facts and determine the priorities of the respective parties to the use of the waters in controversy, and their rights should be determined upon the principle of prior appropriations. See Long, Irrigation, § 48; *Longmire v. Smith,* 26 Wash. 439 (67 Pac. 246); *Offield v. Ish,* 21 Wash. 277 (57 Pac. 809).

The cause, with the record therein, is therefore remanded to the superior court to try the same upon the testimony adduced, and such further evidence as may be produced by the parties, and to determine the priority of rights of the respective claimants, and by decree to establish such priorities and enjoin all parties perpetually from interference with such rights so decreed.

FULLERTON, HADLEY, DUNBAR, ANDERS, WHITE and MOUNT, JJ., concur.