[No. 4622.   Decided October 3, 1903.]

PHILLIP MILLER et al., Appellants, v. LAKE IRRIGATION
COMPANY et al., Appellants and Respondents, and
PHILANDER WOOD et al., Respondents.[1]

LAW OF THE CASE—OBJECTIONS CONFLICTING WITH DECISION ON
FORMER APPEAL. Objection to the establishment of priorities of
right in the use of water in a stream and to injunctive relief, un-
der the pleadings, cannot be made after the supreme court on a
former appeal has established as the law of the case that such
question is the vital question, and remanded the cause for the
purpose of determining the same and perpetully enjoining inter-
ference therewith.

IRRIGATION—PRIORITIES—SUFFICIENCY OF EVIDENCE. Findings
and conclusions establishing the priority of appropriations of wa-
ter for irrigation not disturbed.

FINDINGS—NUMBER OF. The number of findings is immaterial
where they are not conflicting and are within the pleadings and
jurisdiction of the court.

Cross appeals from a judgment of the superior court
for Chelan county, Neal, J., entered August 23, 1902,
after a trial on the merits before the court without a jury.
Affirmed.

Action to determine the priorities of right to the use of
waters of a stream for purposes of irrigation. Two sepa-
rate sets of findings were filed. The plaintiffs' claim was
cut down, and established as first in time, and they appeal
from that part of the decree making the reduction. The
rights of defendants Wood, et al., were decreed to be sec-
ond in time and they accepted the decree. The two de-
fendant irrigation companies took separate appeals from
the whole decree.

The findings establish, that the first appropriators con-
ducted water upon their premises by a canal having a ca-

[1]Reported in 74 Pac. 61.

pacity of 330 miner's inches; that for three years said canal carried water to its full capacity, all of which was used for irrigation, domestic, and mining purposes by. the parties or their lessees; that during said time, patents were applied for under the desert land act, and the appropriators used such water rights in their final proof; and that all of said water was necessary to properly irrigate their lands. The court refused to find, as requested, that all of said 330 inches was used by them since the patents to their lands issued, but found that 200 inches had been used by the parties, or their lessees or licensees, ever since the diversion, "for irrigating their lands or other lands in the vicinity and also for mining purposes." The court concluded that appellants Miller *et al.* (the successors in interest of the first appropriators), had the prior right to 200 inches. All of the appellants excepted to the findings and conclusions.

An appropriation for irrigation and domestic purposes was found in favor of respondents Wood *et al.,* as second in point of time, to the extent of 200 inches. Judgment was accordingly entered awarding appellants Miller *et al.* the first right to 200 inches, and the respondents Wood *et al.* the second right to 200 inches, and perpetually enjoining the other parties from interfering with the use of the 400 inches aforesaid.

*Kauffman & Frost* and *Edward Pruyn,* for appellants Miller *et al.* All the water of their canal, 330 inches, was found by the court to be necessary to irrigate the land patented by the government to the first appropriators. To entitle a desert land claimant to sufficient water to irrigate his land, no cultivation is necessary. The bringing of water to and upon the land is all that is required, and is of itself a sufficient beneficial use. *Gallahan v. Sullivan,*

9 Land Dec. 6; *Dickson v. Auerbach,* 18 Land Dec. 16; *United States v. Mackintosh,* 29 C. C. A. 176, 85 Fed. 333; *Welch v. Garrett* (Idaho), 51 Pac. 405. Before the patent issues, the interior department must find as a fact that the settler is entitled to sufficient water to permanently reclaim the land from its desert condition. *Gallahan v. Sullivan, supra.* Sufficient diligence was shown, and the appellants are accordingly entitled to all of the said 330 inches diverted by them. *Hall v. Blackman* (Idaho), 68 Pac. 19; *Longmire v. Smith,* 26 Wash. 439, 67 Pac. 246, 58 L. R. A. 308.

*Mires & Warner, Graves & Englehart,* and *Victor Martin,* for appellants Lake Irrigation Company *et al.* The findings did not establish the amount of water used for mining purposes, and the evidence showed that not to exceed 70 inches had been used on the lands of the appellants Miller *et al.,* for many years, and they should be limited to such amount. Where one suspends his appropriation for a long number of years, adds nothing to the area of his cultivation, and other rights to the waters become fixed, he cannot be restored to his original intended diversion or prospective appropriation, after such a long delay. *Fort Morgan Land & Canal Co. v. South Platte Ditch Co.,* 18 Col. 1, 30 Pac. 1032, 36 Am. St. 259. *Senior v. Anderson,* 47 Pac. 454; *Barnes v. Sabron,* 10 Nev. 217; *Conkling v. Pacific Imp. Co.,* 87 Cal. 296, 25 Pac. 399; *Hindman v. Rizor,* 21 Ore. 112, 27 Pac. 13; *Cole v. Logan,* 24 Ore. 304, 33 Pac. 568; *Low v. Rizor,* 25 Ore. 551, 37 Pac. 82; *Ophir Silver Min. Co. v. Carpenter,* 4 Nev. 534; Long, Irrigation, §§ 47, 51.

*John D. Dill* and *John C. Kleber,* for respondents.

PER CURIAM.—For a statement of this case, reference is made to the opinion of this court on a prior appeal, re-

ported in 27 Wash. 447, 67 Pac. 996, where the case was remanded for further proceedings.

In answer to appellants' contention that the court had no authority, under the pleadings, to establish priorities or to grant injunctive relief, we refer to the opinion above cited, where this court said:

"The theory of the complaint is to quiet the title of contending claimants for the use of the waters of Stemilt Creek. It is also the theory of the answering defendants."

Again it was said:

"But the priority of right to the use of the waters from this stream was the vital issue before the court."

And in order, as it was said, that the superior court should have an opportunity to find the necessary facts, and to determine the priorities of the respective parties to the use of the waters in controversy, the cause was remanded to the superior court—quoting the language of this court—

"to try the same upon the testimony adduced, and such further evidence as may be produced by the parties, and to determine the priority of rights of the respective claimants, and by decree to establish such priorities and enjoin all parties perpetually from interference with such rights so decreed."

Unchallenged by petition for rehearing or otherwise, the cause was remanded, with the above specific instructions, and was tried by the lower court upon the theory suggested by this court, and, we think, was properly tried.

On the merits, from an examination of the testimony, we do not feel justified in disturbing the findings or conclusions of the court. The number of findings made by the court was not material, as they did not conflict with each other, and all the findings were within the pleadings and the jurisdiction of the court.

The judgment is affirmed.