[No. 5954. Decided March 20, 1906.]

SPRING HILL IRRIGATION COMPANY, *Appellant*, v. LAKE
IRRIGATION COMPANY et al., *Respondents*.[1]

APPEAL—RECORD—SUPPLEMENTAL RECORD. Failure of the record
on appeal to show service of the notice of appeal may be cured by
the filing of a supplemental record showing the service.

JUDGMENT — RES JUDICATA — ISSUES DETERMINED — RIGHT TO USE
WATERS OF STREAM. A judgment establishing the plaintiff's right to
use the waters of a stream by priority of appropriation is *res judicata*
and a bar to an action by the defendant to recover the water by
right of prescriptive use for more than ten years, where the com-
plaint in the former action alleged generally title in fee simple, de-
manding that defendant set up his title, if any, and the answer of
the defendant raised only the issue of prior appropriation; espe-
cially where the prescriptive use claimed in the second action was
coincident with the appropriation claimed in the former action.

SAME—APPEAL—DECISION—REMAND. Remanding a case on appeal
with directions to determine the priority of rights of respective claim-
ants to the waters of a stream does not confine the inquiry to the
matter of appropriation, or exclude rights by prescription.

Appeal from a judgment of the superior court for Chelan
county, Steiner, J., entered July 15, 1905, in favor of the
defendants, dismissing an action to determine the right to the
waters of a stream, upon sustaining a demurrer to the plain-
tiff's reply to the answer. Affirmed.

*C. Victor Martin,* for appellant.

*W. O. Parr, Kirk Whited,* and *John D. Dill,* for respond-
ents.

HADLEY, J.—In this action the plaintiff claims to be the
owner of the right to use all the water flowing in the two
northwest branches of Stemilt creek, a perennial stream, situ-
ated in Chelan county, this state. The right is alleged to
have been prescriptively acquired, and the complaint states
that the plaintiff and its grantors have diverted, appropriated

1Reported in 85 Pac. 6.

and used the water continuously, uninterruptedly, and adversely, claiming to be the absolute owners of such right, for more than ten years. It is alleged that the defendants claim a right to interfere with plaintiff's use of said water, and that since the year 1902 they have interfered therewith. The complaint asks that plaintiff shall be adjudged to be the owner of the right to divert and use the water, that the defendants shall be adjudged to have no rights or beneficial interest therein, and that they shall be perpetually enjoined from in any way interfering with plaintiff's use of all of said water.

Separate answers were filed by defendants, denying generally the material allegations of the complaint, and pleading affirmatively as a bar a former adjudication of the same matters which plaintiff seeks to have adjudicated in this action. The former action set up in the answers is *Miller v. Lake Irrigation Co.,* which was twice in this court, and is reported in 27 Wash. 447, 67 Pac. 996, and in 33 Wash. 132, 74 Pac. 61. The record of the former action is properly set up, and shows that the parties to this action, or their predecessors in interest, were parties to the former one; that the former action was brought for the purpose of determining the prior rights between the parties as to the waters of Stemilt creek, and that issues were joined and the rights of the parties adjudicated and determined in that action.

The plaintiff replied to the answers and admitted the former action, but alleged that the only adjudication in that action was with reference to priorities of appropriation, and that the issues in the present case are not the same as those in the former case. The defendants demurred to the reply, and among other grounds set forth in the demurrers, it was stated that the reply showed affirmatively that the plaintiff's rights in said waters were fully determined in the former action. The demurrers were sustained, and the plaintiff having refused to plead further, judgment was entered dismissing the action. The plaintiff has appealed.

Respondents have interposed several motions, but as most of them pertain to the arrangement of the record and appellant's brief, and relate chiefly to the convenience of this court, we have decided to pass them without criticism of the record and without discussion. The point raised by one motion, that the record shows no service of the appeal notice, has been met by a supplemental record brought up by appellant, which shows such service. The motions are therefore denied.

It is argued by appellant that the issues in the former action related solely to priorities arising out of appropriation, whereas it is urged that the complaint in the case at bar tenders an entirely different and distinct issue, relating exclusively to rights acquired by prescription or adverse user. It is conceded that appellant might have raised the issue as to its prescriptive rights in the former action, if it had seen fit to do so; but it is argued that it was not required to do so, inasmuch as it was a defendant in that action and was only required to meet the issue of prior appropriation, which it is contended was the only one tendered by the complaint. The doctrine is invoked that not all things which might have been adjudicated in a former action shall necessarily be held to have been adjudicated, but only such as were in fact adjudicated. As a rule of general application the courts, without doubt, are lately inclined to adopt the above by way of modification of the rule which more generally obtained formerly, that what might have been adjudicated should be held to have been determined in a former action. While the former rule has been much relaxed as one of general application, yet in considering the effect of a former case upon subsequent litigation between the same parties, the peculiar nature of such case, the subject-matter thereof, and the manner by which the complaint challenged the defendant to join issue, should in each instance be examined.

In the former case which is pleaded here as a bar the complaint simply alleged that the plaintiffs in that action were

the owners in fee simple, and in possession, of the first right to divert the waters of said creek, to the extent of four hundred inches, miner's measure, under a six-inch pressure; that the defendants claimed some interest in, and title to, said water rights adverse to the plaintiffs, which claims were without right and constituted a cloud upon plaintiffs' title. The action was essentially one to quiet title, and whether it can be said to have related to real estate or not, it at least partook of all the characteristics of an action to quiet title to real estate, and we think was governed by the rules applicable to such cases. The prayer of the complaint asked that the defendants in the action, of whom this appellant was one, should set up their claims in and to the premises, if any they had, and that upon a hearing thereof such claims should be declared to be without foundation and clouds upon plaintiffs' title. The complaint was not upon its face based alone upon prior appropriation, but it merely alleged ownership in fee simple and possession of the first right to divert water. In other words, it alleged a good title to water rights, and it challenged the defendants to set up any claims they had against such rights. In actions to quiet title to real estate, where such general allegations of ownership are made, it is undoubtedly the duty of a defendant to set up any claim he may have of either a legal or equitable nature, and we think by analogy at least that, if appellant desired to litigate the question of a prescriptive right to these waters, it should have done so in the former action, and that it should now be estopped to raise it. Such peculiar circumstances, we think, particularly call for the application of the principles of estoppel. As respondents' counsel pertinently suggest, if appellant may now try this action on the theory of title by prescription, and if it should be defeated, what shall prevent it from again introducing future litigation, claiming title from some other source, all of which may have existed at the time of the former action? Such cannot be the policy of the law, but the policy rather is that such conflicting claims shall

be raised when one is challenged to raise them, so that titles may be at rest and have stability and value.

Upon appellant's own theory, we are unable to see how it can expect relief under the issues as they stand. In the former action it dated its claim of title from the year 1885, and in this action it claims that its prescriptive right was initiated at that time. The record of the former case shows that the rights which were adjudicated to respondents in that action, and which were based upon appropriation, had their inception long within the period following the year 1885 necessary for appellant's prescriptive rights to have matured. The adjudication in the former case therefore shows that appellant could not have been in the continuous, uninterrupted, and adverse possession of the water rights claimed by respondents for a sufficient time to have acquired them by prescription. Respondents are claiming no rights here except what were awarded to them in the former case. They expressly disclaim any further claim to the waters of said stream. The essential question raised by the complaint in this action was therefore necessarily adjudicated in the former one. That decree was necessarily based upon the establishment of facts which negative those alleged in the complaint now before us, as to continuous and uninterrupted possession and user by appellant. Such uninterrupted, continuous, adverse possession and user could not have existed as to the volume of water that was awarded to these respondents, in the face of the adjudication that the latter were using and appropriating it at the same time. No prescriptive right could have matured in behalf of appellant under the facts involved and found in the former case.

Appellant argues that, when the former case was first here on appeal, it was sent back with instructions to the trial court to merely determine priorities of appropriation. While an expression in the opinion would so indicate, yet the order remanding the case stated that the court should "determine

the priority of rights of the respective claimants." If appellant believed it was by that decision prevented from raising the question of its prescriptive right, it should have called our attention to it on petition for rehearing, or it should have applied to the trial court for leave to introduce that defense. This court placed no restrictions upon the trial court in the exercise of its discretion to permit the introduction of what it should deem to be proper issues not already in the case. The case was determined here upon the issues as they were brought here on that appeal. It was plainly appellant's duty to have interposed the defense when it first appeared in the action, but upon the return of the cause to the superior court, that tribunal upon proper showing was not prevented by this court from exercising its discretion to consider and grant an application to amend the answer.

Appellant further contends that, even with the demurrer to the reply sustained, there were issues remaining which called for evidence, and that it was error to dismiss the action. We think not. The ruling upon the demurrer effectively disposed of the case. The reply admitted the former record and as we have seen, that is sufficient to bar relief in this action.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, DUNBAR, CROW, and ROOT, JJ., concur.