[No. 6118. Decided September 10, 1906.]

EDWARD F. SWEENEY *et al., Appellants,* v. FRANK
WATERHOUSE & COMPANY, *Respondent.*[1]

APPEAL—RECORD—NECESSITY OF STATEMENT OF FACTS. Upon a question of *res adjudicata*, the supreme court cannot take judicial notice of proceedings occurring in the first case, when not made a part of the statement of facts in the case before it.

JUDGMENT—RES ADJUDICATA—BURDEN OF PROOF. Where a former judgment is pleaded in bar, and there was nothing to indicate that such case was not tried upon the merits, it devolves upon the opposite party to show such fact.

[1] Reported in 86 Pac. 946.

.SAME—CONCLUSIVENESS—MATTERS WITHHELD. A judgment dismissing on the merits an action for the nondelivery of freight for the reason that the plaintiffs had assigned the cargo before its arrival, is *res adjudicata* of another action between the same parties for the same cause, in which the complaint is the same except for an additional allegation to the effect that upon the neglect of the defendants to deliver the cargo to the assigns, such assigns had sold and assigned their claims for damages to the plaintiff, where such assignment was obtained prior to the first action, since such cause might have been litigated in the first action, and cannot be withheld to split up the plaintiff's causes.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 7, 1906, in favor of the defendant, upon overruling a demurrer to the plea of former adjudication, dismissing an action for the nondelivery of a consignment of freight. Affirmed.

*Walter S. Fulton,* for appellants, contended, among other things: A judgment of dismissal is not a bar where the merits were not involved. 24 Am. & Eng. Ency. Law (2d ed.), 794, 803, and cases cited. The doctrine of *res judicata* has no application to cases where judgment was rendered against a party who had misconceived his remedy. 24 Am. & Eng. Ency. Law (2d ed.), 816; *Union Bank v. Nelson,* 32 Wash. 208, 73 Pac. 372. Where it is sought to apply the estoppel of a judgment rendered on one cause of action to the matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. 11 Am. & Eng. Ency. Law (2d ed.), 390; *Brier v. Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831; *Payette v. Ferrier,* 31 Wash. 43, 71 Pac. 546; *Mauldin v. City Council,* 53 S. C. 285, 31 S. E. 252, 69 Am. St. 855; *Lake v. Hancock,* 38 Fla. 53, 20 South. 811, 56 Am. St. 159; *Hunter v. Hunter,* 63 S. C. 78, 41 S. E. 33, 90 Am. St. 663; *Bell v. Merrifield,* 109 N. Y. 202, 16 N. E. 55, 4 Am. St. 436; *Cromwell v. County of Sac.,* 94 U. S. 351, 24 L. Ed. 195; *Stowell v. Chamberlain,*

60 N. Y. 272; *Percy v. Foote,* 36 Conn. 102; *Cannon v. Brame,* 45 Ala. 262; *Taylor v. Castle,* 42 Cal. 367; Bigelow, Estoppel, 27; *Budd ·ess v. Schafer,* 12 Wash. 310, 41 Pac. 43; *Payette v. Ferrier,* 20 Wash. 479, 55 Pac. 629; *Fuller v. Metropolitan Life Ins. Co.,* 68 Conn. 55, 35 Atl. 766, 57 Am. St. 84; *Sonnenberg v. Steinbach,* 9 S. D. 518, 70 N. W. 655, 62 Am. St. 885; *Morrison v. Clark,* 89 Me. 103, 35 Atl. 1034, 56 Am. St. 365.

*W. H. Bogle,* for respondent, *inter alia,* cited: *Marshall v. Shafter,* 32 Cal. 177; *Sullivan v. Triunfo etc. Min. Co.,* 39 Cal. 459; *Sayers v. Auditor General,* 24 Mich. 259, 82 N. W. 1045; *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195; *Ruckman v. Union R. Co.,* 45 Ore. 578, 78 Pac. 748; *United States v. California etc. R. Co.,* 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; Herman, Estoppel, § 251; *Dowell v. Applegate,* 152 U. S. 327, 14 Supt. Ct. 611, 38 L. Ed. 463; *Union Sav. & Loan Ass'n v. Byrne,* 114 Fed. 831; *McAleer v. Lewis,* 75 Fed. 734; *Samuels v. Reviere,* 108 Fed. 718; *Shinkle v. Vickery,* 117 Fed. 916; *Patterson v. Wold,* 33 Fed. 791; *The Haytian Republic,* 154 U. S. 118, 14 Sup. Ct. 992, 38 L. Ed. 934; *Board of Comr's v. Platt,* 79 Fed. 567; *Fayerweather v. Ritch,* 91 Fed. 721; *Breeze v. Haley,* 11 Colo. 351, 18 Pac. 551; *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Kromer v. Friday,* 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *State ex rel. Ledger Pub. Co. v. Gloyd,* 14 Wash. 5, 44 Pac. 103; *Henderson v. Henderson,* 3 Hare Ch. 115.

DUNBAR, J. — Heretofore the appellants commenced an action in the superior court of King county against the respondent, for the nondelivery of freight shipped by appellants by way of respondent's ship "Garonne," consigned to appellants at Nome Anchorage, Alaska. It developed in the trial of said cause that appellants had assigned the cargo before its arrival at Nome. A judgment was entered dismissing the action, which judgment was affirmed by this court in

the case of *Sweeney v. Waterhouse & Co.,* 39 Wash. 507, 81 Pac. 1005. Thereafter the appellants commenced this action, alleging among other things that,

"After the refusal and neglect of the defendant to make delivery of such cargo to said assign, as herein alleged, that the said assign in writing for a valuable consideration duly sold, assigned and set over to plaintiffs any and all claims, causes of action and demands of whatever nature which said assign may have had against the defendant for damages or otherwise, arising out of said shipment and the failure of the defendant to make delivery thereof."

The complaint in this action is in other particulars the same as the complaint in the former action, the parties are the same, and the subject-matter is the same. For a third affirmative defense to this action the defendant, respondent here, pleaded the judgment in the former action, setting forth the pleadings and the judgment. To this defense a demurrer was interposed by the appellants, which was overruled by the court. The court held the judgment in the former action to be a bar to the action in this cause, judgment of dismissal was entered, and appeal taken.

Certain proceedings occurring in the first case are set forth in the brief of appellants, but of these things this court cannot take notice. They have not been made a part of the statement of facts in this case, and this court cannot take judicial notice of the statement of facts in a case not before it. So that the case comes here upon the showing made by the pleadings and the judgment pleaded in bar, and there is nothing in the judgment pleaded which indicates that the cause was not tried and decided upon the merits. If such was not the case, it devolved upon the appellants to show it.

It is hardly worth while to go into a discussion of the doctrine of *res adjudicata* and the cases cited thereon. This court has, in more recent cases, somewhat modified the doctrine as announced in the earlier cases, where the old rule was laid down that the plea of *res adjudicata* applies not only to points

which were raised, but to those which might have been raised in the trial of the former action. But no court, we think, has gone so far as to allow a litigant to experiment with a court by trying his case piecemeal. The cause of action which the appellants now urge was available to them at the former trial, the assignments set forth in the complaint having been obtained prior to the commencement of the first action. They should not be allowed to split their causes of action, try their case out on a part of the causes and, if they fail, commence another action setting forth the other causes.

The demurrer to the affirmative defense was properly overruled, and the judgment is affirmed.

MOUNT, C. J., CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.