[No. 7638. Decided December 18, 1908.]

C. A. SNOWDEN et al., Respondents, v. JAMES J. ANDERSON et al., Appellants, PETER BRADY et al., Respondents.[1]

JUDGMENTS—CONCLUSIVENESS—QUESTIONS THAT MIGHT HAVE BEEN LITIGATED—PARTITION—ACCOUNTING. A judgment in an action between co-tenants awarding to the defendants, after an accounting, an undivided one-half interest in the whole tract of thirty-two acres, upon the payment of a certain sum, which plaintiffs thereupon voluntarily received, is conclusive as to the defendants' right to sixteen acres in a subsequent action for a partition; and precludes the plaintiffs from claiming that a sale of ten acres of the tract, made by plaintiffs pending the first suit, was for the joint benefit of both parties, where the defendants had no notice of such sale, and the plaintiffs received the purchase price without accounting therefor in the original suit, or offer to do so until after action for partition; since that question might have been determined in the original suit.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 26, 1908, upon findings in favor of the plaintiffs, in an action for partition. Affirmed.

H. P. Burdick, Hudson & Holt, and J. J. Anderson, for appellants, contended that the judgment is res judicata only as to questions directly involved in the issue and not to any incidental or collateral matter, though it may have arisen and been passed upon. Lewis & Nelson's Appeal, 67 Pa. St.

[1]Reported in 98 Pac. 610.

153; *Lawrence v. Hunt*, 10 Wend. 81; *Sewall v. Robbins*, 139 Mass. 164; *Hawley v. Simons*, 102 Ill. 115; *Vaughan v. O'Brien*, 39 How. Prac. 515; *Sawyer v. Woodbury*, 7 Gray (Mass.) 499, 66 Am. Dec. 518; *Dutton v. Woodman*, 9 Cush. (Mass.) 255, 57 Am. Dec. 46; *Davis v. Seattle Nat. Bank*, 19 Wash. 65, 52 Pac. 526; *Dunsmuir v. Port Angeles Gas, W., El. L. & P. Co.*, 30 Wash. 586, 71 Pac. 9.

*Fogg & Fogg*, for respondents Snowden. The payment of the money into court was in the nature of a tender, and plaintiff was not bound to take it out, but having accepted it, his act is a termination of his right to further litigation. *Lyons v. Bain*, 1 Wash. Ter. 482; *State ex rel. Lippincott v. Spokane*, 44 Wash. 688, 87 Pac. 944; *Reiff v. Coulter*, 47 Wash. 678, 92 Pac. 436; *Lewis v. Lichty*, 3 Wash. 213, 28 Pac. 356, 28 Am. St. 25; *Cerf, Schloss & Co. v. Wallace*, 14 Wash. 249, 44 Pac. 264; *Winslow v. Baltimore & O. R. Co.*, 208 U. S. 59, 28 Sup. Ct. 190, 52 L. Ed. 388; *Portland Const. Co. v. O'Neil*, 24 Ore. 54, 32 Pac. 764; *Rouge v. Lafargue Bros. Co.*, 49 La. Ann. 998, 22 South. 190; *Cook v. McComb*, 98 Wis. 526, 74 N. W. 353; *McGrew v. Grayston*, 144 Ind. 165, 41 N. E. 1027; *Williams v. Williams*, 6 N. D. 269, 69 N. W. 47; *Williams v. Richards*, 152 Ind. 528, 53 N. E. 765; *Holland v. Spell*, 144 Ind. 561, 42 N. E. 1014. The cause of action which the appellants now urge was available to them at the former trial. *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946; *Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566; *Carmean v. North American Transp. & Trad. Co.*, 45 Wash. 446, 88 Pac. 834; *Northern Pac. R. Co. v. Slaght*, 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 739; *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137. The evidence was conclusive that Snowden was the owner of an undivided one-half of said 32 acres. *Bruce v. Foley*, 18 Wash. 96, 50 Pac. 935. The judgment is conclusive as to questions that might have been determined in the original case. *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195; *Nesbit v. Riv-*

*erside Independent District*, 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 563; *Sayward v. Thayer, supra; Cloud v. Lawrence*, 12 Wash. 163, 40 Pac. 741; *State ex rel. Abernathy v. Moss*, 13 Wash. 42, 42 Pac. 622, 43 Pac. 373; *Dennis v. Kass & Co.*, 13 Wash. 137, 42 Pac. 540; *Stallcup v. Tacoma*, 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25; *State ex rel. Ledger Pub. Co. v. Gloyd*, 14 Wash. 5, 44 Pac. 103; *Isensee v. Austin*, 15 Wash. 352, 46 Pac. 394; *Smith v. Ormsby*, 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110; *Spring Hill Irrigation Co. v. Lake Irrigation Co.*, 42 Wash. 379, 85 Pac. 6; *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946; *Reiff v. Coulter, supra; State ex rel. Cook v. Fairley*, 45 Wash. 52, 82 Pac. 1052; *Cuschner v. Longbehn,* 44 Wash. 546, 87 Pac. 817; *Collins v. Gleason, Carmean v. North American Transp. & Trad. Co., Northern Pac. R. Co., v. Slaght*, and *Sayward v. Thayer, supra.*

*Boyle, Warburton, Quick & Brockway,* for respondents Brady.

MOUNT, J.—This action was brought for the partition of certain real estate in Pierce county. The principal issue in the case was whether the whole tract of thirty-two acres should be partitioned, or only twenty-two acres thereof. Upon a trial, the court entered a decree setting off sixteen acres on the east side of the tract to the plaintiffs, ten acres on the west side to defendants Brady and wife, and six acres between these two tracts to defendants Anderson and wife. The defendants Anderson and wife have appealed from that decree.

The facts are as follows: ᐧ This tract of thirty-two acres of land was purchased by appellant Anderson and respondent Snowden in the year 1904. About a year later, Anderson and wife, claiming to own the property, brought an action to quiet title in themselves. They succeeded in the court below, and Snowden and wife, defendants in that

action, thereupon appealed to this court, and the judgment of the lower court was reversed,

"and the cause remanded to the court below with directions to ascertain the amount the defendants should pay to make up their one-half of the purchase price and any other sums that plaintiffs may have paid on account of the common property, with interest from date of payment, and to enter a decree declaring the defendants the owners of an undivided one-half interest in the premises in controversy, upon the payment of the sums thus ascertained, within ten days from the date of the decree," etc. *Anderson v. Snowden*, 44 Wash. 274, 87 Pac. 356.

The decision in that case states the history of the case to that time. While that case was pending, the respondents Brady and wife, with knowledge of the claim of Snowden, purchased from Anderson and wife, for $2,000, ten acres which were awarded to Brady and wife in the decree in this case. Snowden had no knowledge of this purchase until long afterwards.

When the remittitur in *Anderson v. Snowden, supra*, went down to the lower court with the directions above stated, a trial was had on February 8, 1907, and an accounting made, and Snowden and wife were ordered to pay into court the sum of $3,004.83, for the use of Anderson and wife. That amount was paid as required, and Snowden and wife were adjudged to be the owners of an *undivided one-half interest in the thirty-two-acre tract of land*. Thereafter, on February 15, 1907, Anderson, the appellant, voluntarily took the whole of that sum from the clerk of the court and receipted therefor, in payment of one-half of the purchase price of the whole tract of land. No further appeal was taken from that judgment. After the time for appeal therein had expired, the respondents Snowden and wife brought this action for partition, with the result first herein stated.

We are satisfied that the appellants are entitled to no relief on this appeal. When the case of *Anderson v. Snowden* was sent to the lower court for an accounting and an ac-

counting was there had and a decree rendered and Snowden accepted the proceeds thereof, he cannot now be heard to say that such decree is not binding upon him. That decree awarded Snowden an undivided one-half interest in thirty-two acres of land, and he was required to pay one-half the cost thereof. If the sale of ten acres of the land by Anderson to Brady was for the benefit of the joint tenants and used for their common benefit, the item of $2,000 obtained from Brady should have been taken into account at the accounting, and the quantity of land in controversy thus reduced to twenty-two acres, and respondents' payments reduced accordingly. As we understand the facts, appellants do not claim that the $2,000 was used for the common benefit of the joint tenants. It is conceded, as we understand the record, that Anderson sold ten acres of the land without notice to Snowden; received the money, viz., $2,000, and did not account therefor; that respondent was required to pay into court $3,004.83, being one-half of the original purchase price of the whole tract, and that Anderson received the money so deposited. It is true, Anderson offers in this case to return to Snowden $1,000, and demands a partition of twenty-two acres of land instead of thirty-two acres, but that offer comes too late. That question was, or should have been, determined in the original case. If error was committed there, such error cannot be reviewed now, because the judgment there is final as between the parties. *Spring Hill Irrigation Co. v. Lake Irrigation Co.*, 42 Wash. 379, 85 Pac. 6; *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946; *State ex rel. Cook v. Fairley*, 45 Wash. 52, 87 Pac. 1052; *Carmean v. North American Transp. & Trad. Co.*, 45 Wash. 446, 88 Pac. 834; *Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566.

The judgment is therefore affirmed.

DUNBAR, RUDKIN, and FULLERTON, JJ., concur.

HADLEY, C. J., CROW, and CHADWICK, JJ., took no part.