[No. 6157. Decided August 17, 1906.]

ARCHIBALD R. GALBRAITH, *Plaintiff and Appellant,* v.
T. H. CARMODE *et al., Defendants and Appellants.*[1]

SALE—BREACH OF WARRANTY—PLEADING—DAMAGES—ELECTION—
HARMLESS ERROR.  In an action to recover damages for false representations concerning the pedigree of a horse made on a sale of the horse, and also asking statutory damages in double the price paid, allowed in such case by Bal. Code, § 7176, the plaintiff should be required to elect whether he will seek to recover actual or the statutory damages; but failure to do so is not prejudicial to the defendant where only statutory damages were awarded.

APPEAL—REVIEW—FINDINGS.  Findings of the trial court in an action at law tried without a jury will not be disturbed on appeal where the evidence is conflicting and unsatisfactory.

SALE—BREACH OF WARRANTY—DAMAGES.  In an action for false representations respecting the pedigree of a horse sold, the plaintiff is not entitled to recover both actual damages and statutory damages in double the price paid, under Bal. Code, § 7176.

APPEAL—REVIEW—HARMLESS ERROR—DAMAGES—BREACH OF WARRANTY.  When the actual damages shown by reason of false representations concerning the pedigree of a horse do not exceed the amount of statutory damages allowed in double the purchase price in such case, under Bal. Code, § 7176, the plaintiff is not injured by the allowance of statutory damages since both actual and statutory damages are not recoverable.

Cross-appeals from a judgment of the superior court for Spokane county, Kennan, J., entered September 13, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for damages for false representations in the sale of a horse.  Affirmed.

*Hamblen, Lund & Gilbert,* for plaintiff.
*Peacock, Wells & Ludden,* for defendants.

ROOT, J.—Plaintiff brought this action against the defendants to recover on account of a breach of warranty and alleged false representations in the sale to him by defendants

[1]Reported in 86 Pac. 624.

of a certain stallion named "Leo, Jr." Defendants sold to
plaintiff two stallions, for the sum of $1,000, and in making
the sale represented that Leo, Jr., was a full-blooded French
draft horse, duly registered. Thereafter plaintiff sold both
of said stallions to third parties. The purchaser of Leo, Jr.,
discovered that said stallion was not as represented, and re-
quired plaintiff to take him back and return the purchase
money. In this action plaintiff claimed damages, (1) for
money expended in keeping the horse and in selling him to
a third person; and (2) for damages to his business and
reputation as a horse dealer. He also asked for damages in
double the purchase price, under the provisions of Bal. Code,
§ 7176 (P. C. § 1943). The defendants, in their answer,
denied that plaintiff had suffered any actual damages, and
alleged that the fact that the stallion was not a full-blooded
French draft horse, duly registered, was fully known to
plaintiff at the time of the purchase and prior thereto.

The case was tried before the court without a jury. Prior
to the introduction of any evidence, defendants requested the
court to require the plaintiff to elect whether he would seek
actual damages or the statutory damages provided for by said
§ 7176. The trial court reserved its ruling, and permitted
evidence to be introduced bearing upon the question of actual
damages and upon the purchase price paid for the stallion.
Findings of fact were made to the effect that the statements
in regard to the registry of the horse, and as to its being a
full-blooded French draft horse, were false, and that plaintiff
had relied upon said representations in making the purchase;
that the purchase price paid by plaintiff for said horse was
$250; that plaintiff had not expended for the care and keep-
ing of said animal, or the making of the sale thereof, any sum
whatever, and had not been injured in his business or reputa-
tion in any sum; that plaintiff in payment for the two horses
executed and delivered his two promissory notes, each in the
sum of $500, which were, at the time of the trial, in the pos-
session of the defendants. Upon the findings and conclusions,

the court entered a decree, awarding plaintiff damages in the sum of $500, said amount being twice the amount of the purchase price which the court found had been paid by plaintiff for said stallion, and further ordered that defendants be permanently enjoined from transferring or attempting to transfer, or in any manner disposing of, the promisory notes, and that said notes be delivered up and cancelled. From this judgment and decree both parties have appealed.

Defendants urge that their request for a rule on the part of the court requiring the plaintiff to elect as to what character of damages he would insist upon should have been granted. We think the trial court should have required the plaintiff to make this election. It could hardly be maintained that plaintiff was entitled to recover both actual and statutory damages. Hence, he should have indicated at the commencement of the trial which he would ask, in order that the defendants might know what they had to meet, and that the court and both parties might have their attention confined to the issues necessarily involved. However, in view of the final outcome of the case, we do not think this error on the part of the trial court was prejudicial to defendants, and is not in our opinion sufficient to justify a reversal of the trial court's judgment and decree.

It is further urged by defendants that the pleadings and evidence in the case fail to show that $250 was the purchase price paid for Leo, Jr., and that consequently there is no basis for the allowance of $500 as statutory damages. Plaintiff testified that he paid $500 cash for the two stallions. Defendant T. H. Carmode testified that he sold Leo, Jr., for $200, and the other stallion for $800. In the second amended complaint it is alleged that they sold Leo, Jr., "for the agreed sum of not to exceed $250." While the evidence is conflicting and not entirely satisfactory, yet we think there was sufficient competent evidence to sustain the finding of the court as to the amount paid for the horse.

Plaintiff complains that the amount of damages allowed is inadequate. He urges that the evidence shows that $500 was the purchase price of the stallion, and that consequently $1,000 should have been allowed as statutory damages, and that he should also have been allowed the other damages asked for in his complaint. It appeared in the evidence that plaintiff sold the other horse for $2,250. The evidence as to expenses and as to damage to the business and reputation of plaintiff as a horse dealer was of a character which, under all the circumstances, would not show the findings of the trial court to be erroneous. The court could not allow both actual and statutory damages. As to whether it could have allowed any other than statutory, we are not now required to decide. We do not think the evidence shows any actual damages to the plaintiffs in excess of $500. Consequently, in allowing statutory instead of actual damages, the court did no injury to the plaintiff. What has been hereinbefore said as to defendants' claim touching the amount of the purchase price, may be repeated as to plaintiff's contention regarding that question. Upon the whole case, we think the judgment and decree of the trial court was substantially correct, and it is therefore affirmed.

Mount, C. J., Crow, Dunbar, and Fullerton, JJ., concur.