[No. 6594.   Decided April 15, 1907.]

WILLIAM T. PARKER, *Appellant,* v. ARCHIE R. GALBRAITH
*et al.,* *Respondents.*[1]

JUDGMENT—RES JUDICATA—IDENTITY OF SUBJECT-MATTER AND OF
PARTIES.  Where two promissory notes were given in payment for
two horses, and the vendee brought suit against the payee to cancel
the notes, for fraudulent representations, judgment allowing the
plaintiff damages for such fraud, and applying the same upon one
of the notes, which was cancelled thereby, is not a bar to an action
upon the other note, brought by the assignee of the payee against
the vendee and his wife; but the wife, as a member of the community
receiving the benefit thereof, is bound by the former judgment, which
is *res judicata* as to the defense of fraud.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered December 23, 1905, upon
the verdict of a jury rendered in favor of the defendants,
after a trial on the merits before the court, in an action on
a promissory note.   Reversed.

*John M. Gleason,* for appellant.

*Peacock & Ludden,* for respondents.

ROOT, J.—This is an action by appellant to recover from
respondents upon their promissory note for $500, given to
one Carmode.   From a judgment in favor of defendants, this
appeal is prosecuted.

The facts surrounding this controversy are substantially
as follows:   In November, 1903, Carmode sold to defendants
two stallions, and received in payment therefor two promis-
sory notes of $500 each.   Thereafter respondent Archie R.
Galbraith brought an action to cancel said notes, upon the
ground of misrepresentation as to one of the stallions.   That
action resulted in a judgment in favor of Galbraith for the
recovery of $500, to the payment of which one of said prom-

[1]Reported in 89 Pac. 712.

issory notes was directed to be applied and thereby cancelled.
In that action it was found that the purchase price of the
horse, as to which the misrepresentation referred, was $250.
This amount the court doubled, under the statutory provi-
sion applicable in such cases. In the present case the same
fraud and misrepresentation was pleaded as a defense. Ap-
pellant, in his reply to said defense, pleaded the former ad-
judication. Upon the trial of the case at bar the appellant
offered the record of the other case in evidence, which offer
was by the court refused. This action of the trial court is
now urged as error.

Appellant maintains that the refusal to let him have the
benefit of the proceedings and judgment of the former trial
amounts virtually to allowing the respondents to again re-
cover upon the same cause of action. Respondents claim that
the proceedings and judgment in the former trial are not
*res adjudicata*, for the reason that the parties are different,
in that the former action was brought by Galbraith without
his wife being joined, and against Carmode; while this action
is prosecuted by Parker, to whom Carmode had indorsed the
note, and against Galbraith and wife as a community.

Regardless of technical distinctions, we think it is evident
that these respondents, by virtue of the other judgment,
received the benefit of the same subject-matter which they
are now urging as a defense. In that case Galbraith claimed
that he was damaged by the misrepresentation, and received
a judgment in the sum of $500 as satisfaction for the im-
position thus practiced upon him. As it had to do with the
same horse and the same transaction, it is difficult to see how
the community did not receive the benefit of that adjudica-
tion. *Peterson v. Hicks*, 43 Wash. 412, 86 Pac. 634; *Gal-
braith v. Carmode*, 43 Wash. 456, 86 Pac. 624; *Isensee v.
Austin*, 15 Wash. 352, 46 Pac. 394. The amount allowed in
damages in that case wiped out one of the promissory notes.
If upon the same subject-matter pleaded as a defense herein,
they could defeat the other promissory note, we would have

the position of respondents retaining both horses without having to pay anything therefor. It is not claimed that there was any misrepresentation as to the other stallion, or any reason why payment for him should not be made.

The judgment of the honorable superior court is reversed, and the cause remanded for a new trial, wherein appellant shall be permitted to show the proceedings had in the other case. Respondents shall not be permitted to offset or counterclaim for any amount which they, or either of them, received by reason of the judgment in that case.

HADLEY, C. J., MOUNT, CROW, and RUDKIN, JJ., concur.