[No 2296. Decided October 2, 1896.]

PHILIP M. ISENSEE *et ux.*, *Respondents*, v. THOMAS C. AUSTIN *et al.*, *Appellants*.

MORTGAGES — SUBROGATION — JUDGMENT — RES JUDICATA.

A person who has assumed and agreed to pay a mortgage cannot, upon making the payment, be subrogated to the rights of the mortgagee.

A valid judgment for plaintiff finally negatives every defense that might and should have been raised against the action, for the purpose of every subsequent suit between the same parties or their privies in reference to the same subject matter.

The assignees of a contract are barred by the rule of *res judicata* from maintaining a suit to be subrogated to the rights of the mortgagee in a certain mortgage, which they had agreed to pay in part consideration of their contract, by reason of over payments on such contract, when judgment has already been obtained against their assignors canceling the contract for non-performance, and such rights as the assignees now claim would have been available as a defense by their assignors in the former action.

Appeal from Superior Court, Whatcom County.—
Hon. JOHN R. WINN, Judge.   Reversed.

*Black & Leaming*, for appellants :

A person cannot be subrogated to the benefits of a
mortgage the payment of which he has assumed.
Sheldon, Subrogation (2d ed.), § 46; 3 Pomeroy,
Equity Jurisprudence (1st ed.), §§ 1206, 1212, 1213;
1 Jones, Mortgages (3d ed.), § 743; *Birke v. Abbott*,
103 Ind. 1 (53 Am. Rep. 474); *Wadsworth v. Williams*,
100 Mass. 126; *Putnam v. Collamore*, 120 Mass. 454;
*Carlton v. Jackson*, 121 Mass. 592; *Reed v. Sycks*, 27
Ohio St. 285; *Johnson v. Walter*, 60 Iowa, 315; *Russell*
*v. Pistor*, 7 N. Y. 171 (57 Am. Dec. 509); *Winans v.*
*Wilkie*, 41 Mich. 264; *Bertrain v. Cook*, 32 Mich. 518;
*Richardson v. Traver*, 112 U. S. 423.

*S. M. Bruce*, and *Brown & Cleveland*, for respondents :

Assumption of mortgage is no objection to subro-
gation.   *James v. Burbridge*, 33 W. Va. 272; *Blodget v.*
*Hitt*, 29 Wis. 170; *Watson v. Gardner*, 119 Ill. 312;
*Young v. Morgan*, 89 Ill. 199; *Matzen v. Shaeffer*, 65
Cal. 81; *Cameron v. Holenshale*, 1 Cin. Sup. Ct. 83.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought to subro-
gate the respondents to the rights of the mortgagees
of a certain mortgage.   The defendants, appellants
here, and others of the Austin family, the parties of
the second part and who were owners of the timber in
question, entered into a contract with John K. Rae
and P. M. Isensee, whereby the parties of the first part
granted to the parties of the second part the right,
privilege and authority to at all times, for a period of

five years from the date of the contract, go upon the land described and cut thereon and remove therefrom all merchantable timber excepting that which was adapted to shingle bolts solely, on conditions therein named. The action was brought by the respondents, Philip M. Isenee and Lena Isensee, as successors in interest of the original contracting parties, P. M. Isensee and John K. Rae. At the time this contract was made the land was covered by certain mortgages, among which was one for the sum of $2,000 to the Puget Sound Trust and Banking Company, said mortgage having been executed by Henry Austin and wife. Under the terms of the contract material to be noticed here, the parties of the second part agreed to pay in cash at date of signing contract $1,000, which amount was paid; to further pay one dollar a thousand feet for each thousand feet of merchantable timber upon the land, payments to be made each thirty days, for the timber removed during the preceding thirty days. They further agreed to assume the payment of, and did assume the payment of, certain mortgages, among which was the one first above mentioned, together with all interest to come due on said mortgages, and agreed to pay the interest on said mortgages as they fell due, irrespective of whether any money was due from the parties of the second part to the first party at said time or times. The mortgages provided that the maturing of the interest and its non-payment at time of maturity should mature the principal.

The mortgage to the trust company was paid by Rae and Isensee as per contract agreement. Rae afterwards conveyed his interest in the contract to Lena Isensee. Isensee afterwards became involved, and on September 7, 1893, Isensee and wife conveyed to John H. Stenger their interest in the contract and in all the

logs and logging outfit owned by them.   Stenger failed
to comply with the provisions of the contract, and on
March 12, 1894, the parties of the first part to the con-
tract commenced an action against John H. Stenger
for the specific performance of the contract, the alle-
gations being that the logging had been abandoned;
that the payments called for by the contract were not
being made by the owners of the contract, and the
mortgages assumed were in default.   The decree
entered by the court in that action directed the de-
fendants to within thirty days specifically perform said
contract in so far as the said contract provides for the
payment by the parties of the second part named in
said contract of all moneys due upon the certain mort-
gages mentioned in said contract.   It also further pro-
vided that, in the event of the failure to specifically
perform as in the decree ordered, the contract should
be canceled and the record thereof discharged.   On
July 12, 1894, it appearing to the court that the defend-
ant had failed to perform in obedience to the decree
of the court, the court entered a final decree canceling
the contract.   Subsequently Stenger transferred to
Isensee and wife the contract in question and all the
rights of said Stenger thereunder, and this action is
brought by Isensee and wife who claim that the pay-
ments made under the contract exceeded the amount
that is represented by the timber cut at the rate of one
dollar per thousand feet, and the thousand dollars paid
down, and that inasmuch as one of the payments so
made under the contract consisted of the payment of
the $2,000 mortgage before mentioned, they should be
subrogated to the rights of the trust company and
should be entitled to foreclose this mortgage for their
benefit to the amount of the claimed over-payment
and enforce the lien foreclosed against the lien covered

by the mortgage. The court found that there had been an over-payment, and entered judgment in accordance with the prayer of the complaint, for the amount so found.

Many errors are assigned by the appellants, viz.: 1st, defect of parties defendant; 2d, insufficient proofs to establish the fact of over-payment; 3d, the termination by a former decree of any rights respondents may. have had under the contract; 4th, that Isensee could not be subrogated to the benefits of the mortgage by him paid, for the reason that by the contract he assumed the payment of the mortgage in question and made it his own obligation, and made the payment by reason of his contractual obligation so to do from considerations moving to himself.

From the view we take of the last two propositions. it will not be necessary to discuss the first two. We think the authorities universally sustain the proposition that a person cannot be subrogated when he pays an incumbrance which he has agreed to pay. In fact this proposition of law is not very stoutly disputed, if disputed at all, by the respondents; but they claim that the court found that the mortgage was paid at the request of Thomas C. Austin. This, indeed, is the finding of the court, but this finding was excepted to, and we are satisfied that the finding is unfounded. The parties of the second part had agreed to pay this mortgage. It was one of the affirmative conditions of their contract, and we are satisfied from the proof that that they made the payment by reason of their contractual liability and for no other reason.

But, however this may be, we think the third objection raised by the appellants is absolutely conclusive of this case, viz., that the former decree terminated the rights of the parties to this contract. The

general rule is thus stated by Black on Judgments, § 754 :

" It is a general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action; and this is true, not only with respect to further or supplementary proceedings in the same cause, but for the purposes of every subsequent suit between the same parties, whether founded upon the same or a different cause of action. A party cannot re-litigate matters which he might have interposed, but failed to do in a prior action between the same parties or their privies in reference to the same subject matter."

This rule has become firmly established in the United States, and applying it to this case, if the parties of the second part to this contract had a right to plead over-payment by reason of their subrogation to the rights of the trust company, that right existed in the action between the appellants and Stenger and should have been there adjudicated. In that suit the contract was canceled. If there was any reason why the contract should not be canceled and if the defense urged here could be substantiated, it should not have been canceled, and that defense should have been urged in the former trial, and, not having been urged, it is lost.

But it is argued by the respondents that, while the rule above announced may be correct, it has no application to this case for the reason that the rule is coupled with a provision that the parties to the former action must be the same parties to this action. They are substantially the same parties. The meaning of the law is that they shall be the same parties in interest, not necessarily the same parties in name. In this case the parties in interest were the parties of the first part to the contract and the parties of the second

part to the contract or their assignees.   The parties appellant here are entitled to all the rights and defenses which Stenger was entitled to, and none other, and if this plea was not available to Stenger, it was not available to his assignees.

The case of *Wilkes v. Davies*, 8 Wash. 112 (35 Pac. 611), lays down a rule on the subject of *res adjudicata*, which would be decisive of this case against respondents' contention.   In fact it is not necessary to go nearly so far in this case to hold the former action an estoppel or bar to the present one as the court went in that case.

The judgment will therefore be reversed and the cause dismissed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.