[No. 5233. Decided April 29, 1905.]

J. M. WEATHERWAX LUMBER COMPANY et al.,
Respondents, v. J. B. RAY et al.,
Appellants.[1]

QUIETING TITLE—PLAINTIFF OUT OF POSSESSION—DEMURRER—
WAIVER BY PROCEEDING WITH TRIAL. An objection by demurrer
that an action to quiet title cannot be brought by a party out of
possession, against defendants who are in possession, is waived
by answering on the merits and trying out the issues, especially
where defendants asked and obtained a trial by jury upon the
issues involved.

JUDGMENT—RES ADJUDICATA. A judgment in a former action
is not res adjudicata where the parties and issues were not the
same; and the question of former adjudication is one of law
for the court.

ADVERSE POSSESSION—TIMBER EXCEPTED FROM DEED. Adverse
possession of land does not necessarily include possession of the
timber, where the same was expressly excepted from the deed
under which the parties claim.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered November 12, 1903, upon the verdict of a jury rendered in favor of the plaintiffs, in an action to quiet title to timber. Affirmed.

W. H. Abel, for appellants.

J. C. Cross, for respondents.

DUNBAR, J.—This appeal is taken by the defendants from a decree quieting title in the plaintiffs to certain

[1]Reported in 80 Pac. 775.

35–38 WASH.

timber in Chehalis county, Washington, and perpetually enjoining the defendants from claiming any right, title, or interest therein. In substance, the plaintiffs alleged, that, as tenants in common, they were the owners and claimed title in fee simple to timber on certain described land; that the land claimed was wild, vacant, uninclosed, and uncultivated timber land; that the defendants claimed an interest in the said timber adverse to the plaintiffs, without any right whatever, which claim created a cloud on plaintiffs' title; that the defendants, from time to time, wrongfully entered upon said premises, and cut and converted to their own use large quantities of timber, to plaintiffs' irreparable damage, etc., and that they threatened to continue such cutting and use of the timber; made the usual allegations as a basis for injunctive relief; and prayed for a temporary injunction during the pendency of the action, which was granted. Defendants moved to vacate the restraining order, which motion was denied, and the defendants then demurred to the complaint, on the ground that equity was without jurisdiction in the premises. Demurrer was overruled. The defendants answered, denying that the plaintiffs were the owners of the timber, but alleging ownership in themselves of both the land and the timber, and especially alleging ownership by adverse possession, and under claim of right, for fourteen years immediately prior to the commencement of the action, and that the plaintiffs had not been seized or possessed thereof within that period; alleging by way of estoppel a certain prior action. The reply was, in substance, a denial of the several defenses. The defendants demanded a jury, which was granted, and, upon the issues above outlined, the case went to trial, with a verdict in favor of the plaintiffs, upon which the judgment was based.

It is argued that the court erred in denying a motion

to vacate the restraining order, in overruling the demurrer to the complaint, in denying motion to dismiss upon the pleadings, and in denying motion for nonsuit; and these assignments are all based upon the claim that the property in contention was real estate, and that an action to quiet title by a party out of possession, against defendants who are in possession and assert ownership, will not lie. The question of the appellants' possession was, of course, one of fact, which was tried by the jury and cannot be considered on demurrer. But conceding, without deciding, that an action to quiet title to timber would be governed by the same rule of law that would govern an action to quiet title to land, under the rule announced by this court in *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961, the objection raised by the appellants is not available to them here, for in that case, in reviewing the case of *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531, we said:

"This court in that case did hold that an action to quiet title should be dismissed for want of equity where the proofs failed to show that the plaintiff was in possession of the lands the title to which was sought to be quieted, or that the same was unoccupied by any person. It spoke also as if the question was one of the jurisdiction of the court. It is clear, however, from the opinion as a whole, that the court did not mean by its use of this term that it was without jurisdiction or power to determine the subject-matter of the controversy between the parties or that a judgment entered therein would have been void, but meant rather that equity would not entertain a suit to quiet title when the plaintiff had an adequate remedy at law, and that he had such adequate remedy in that case by an action of ejectment against the person in possession. In other words, it was held that plaintiff had mistaken his form of action, and the court would not permit him to maintain it over the objection of the defendant. And this must be so from the nature of the objection. The fact

that the plaintiff is or is not in possession, or that the land
is or is not vacant, does not affect the jurisdiction of the
court to determine the subject matter of the controversy
between the parties, nor does it affect the merits of that
controversy, but affects only the plaintiff's right to have
the merits of the controversy determined in that particular
form of action. Being so, it is a right which the defendant
can waive, and when he does so, and consents to a trial
upon the merits, the judgment entered therein is not void,
or voidable even, except for errors committed in the course
of the trial which would render the judgment voidable
were the plaintiff's right to maintain the action absolute."

And it was held that the appellants having answered on the
merits, after the overruling of their demurrer to the com-
plaint, they were estopped from raising the question that
the plaintiff was not in possession of the lands the title to
which was sought to be quieted, or that the same was un-
occupied by any person.

In the case at bar, not only did the appellants waive
this objection after demurring to the complaint, by answer-
ing to the merits and trying the issues out, but they asked
for and obtained the verdict of a jury upon the issues of
facts included in the case involved; and these are all the
additional rights they would have obtained in an action
at law. It is true that the court did not submit the question
of former adjudication to the jury, but that was plainly a
question of law, under the record in this case, for the court
to determine; and, in our judgment, it could not have been
determined in any other way than the way in which it was
determined by the court. The parties to the action were
not the same, the relief demanded was not the same, and
it was in no sense *res adjudicata* of this action. It plainly
appears in this action that the appellants did not have title
to the timber, their deed to the land especially excepting
the timber, so that all the available claim was that they

had been in possession for fourteen years immediately preceding the commencement of the action—not the possession of the land (although we think from the testimony that the jury was justified in finding that they had not been in possession of the land) but the possession of the timber. But land is made up of composite elements—the soil, the trees, and other products, and the minerals and deposits under it—and may be divided up into these elements, so that one may own the trees and erections, and another the surface, and a third a mine beneath, and there may be a separate right of property in the land, in the timber, in the erections, or in the mine. Tiedeman, Real Property, § 10. The possession of timber was really the issue in the case, and on this question the jury decided against the appellants. Without particularly analyzing the testimony, from its perusal we are satisfied that the jury was amply justified in rendering the verdict which it did render.

There are no prejudicial errors discernible in the admission or rejection of testimony, or in the giving or refusing to give instructions. The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.