[No. 8847.   Department Two.   June 2, 1910.]

A. J. Olson, *Appellant*, v. Title Trust Company, *Respondent*.[1]

Judgment—Res Judicata—Bar. A judgment in an action by a vendor to cancel a land contract and forfeit the purchase money paid and quiet the vendor's title, in which the defense was presented that the contract was procured by fraud, is *res judicata* and a bar to a subsequent action brought by the vendee against the vendor to recover the purchase money; since the issue of plaintiff's right to rescission for fraud was, or might have been, litigated in the former action.

Appeal from a judgment of the superior court for King county, Main, J., entered March 15, 1910, upon sustaining a demurrer to the reply, dismissing an action for money had and received. Affirmed.

*O. L. Willett*, for appellant.

*Lyter & Folsom*, for respondent.

Mount, J.—The appellant brought this action to recover upon fourteen alleged causes of action, for money had and received by respondent. Twelve of these causes are upon assigned claims. The respondent answered the complaint,

[1]Reported in 109 Pac. 49.

and admitted that it had received the money, but denied any indebtedness to the plaintiff. It is alleged further that all differences between the plaintiff and the defendant had been adjusted in a former action brought by the respondent against the plaintiff, and the facts and the record in the former action were set out in the answer. To this answer the plaintiff filed a reply admitting a former action, but alleged that the contract upon which that action was based, and which that action was brought to forfeit, was obtained by fraud. To this reply the respondent filed a demurrer, which was sustained by the lower court. The plaintiff refused to plead further and the action was dismissed. Plaintiff appeals.

It is conceded that the facts are, in substance, the same for each cause of action, and that it is necessary to consider only the first cause and the answer and reply relating thereto. The first cause of action alleges that the defendant received $835 on December 18, 1906, and $49.95 on May 31, 1907, which money is the property of the plaintiff, and is due and owing by the defendant to plaintiff. The answer denies this allegation and alleged affirmatively that, on November 6, 1906, defendant and plaintiff entered into a memorandum agreement, by which plaintiff agreed to purchase from defendant lot 11, block 1, of Delmar Park, a proposed addition to the city of Seattle, for an agreed consideration of $2,500, a part of which, viz., $250, was then paid to defendant; that this memorandum agreement provided for a subsequent contract; that thereafter, on December 15, 1906, pursuant to the memorandum agreement, a new contract was executed, and thereupon the plaintiff paid an additional sum of $585 upon the purchase price of said lot; that these two items constituted the sum of $835 referred to in the complaint; that the said contract acknowledged the receipt of the money as earnest money in part payment for said land, and provided that the balance of the purchase price should be paid in two equal installments,

with interest at six per cent after December 16, 1906; that the contract further provided that, in default of the payment of principal or interest due, the defendant might declare the contract terminated and all sums paid thereon forfeited to defendant as liquidated damages (a copy of the contract is annexed to the answer and made a part thereof) ; that the item of $49.95 mentioned in the complaint was received by the defendant on May 31, 1907, as interest due under the terms of the contract; that thereafter on September 21, 1907, this defendant commenced an action, which is referred to as No. 57,805, against the plaintiff in the superior court of King county, alleging that this plaintiff had failed to comply with the terms of said contract, and had failed to pay the installments due on December 15, 1906; and in that action this defendant prayed that its title to the land be quieted, and that said contract and all moneys paid thereunder, being the money mentioned in plaintiff's first cause of action, be adjudged forfeited to the defendant; that this plaintiff appeared in said action and answered, setting up various defenses—among others, that the plaintiff had been by fraud induced to sign said contract, and prayed for damages by reason of such alleged fraud; that thereafter, upon issues joined, the cause was tried upon its merits, and on December 4, 1908, a judgment was rendered therein in favor of this defendant; that said judgment granted the prayer of the complaint, to wit, a forfeiture of said contract and all moneys paid thereunder, and quieted title to the said land; that said judgment and decree was duly filed on the 9th day of December, 1908, that no appeal has been taken therefrom, and that the same is in full force and effect; that the issues in that action were the same as are now presented in this, and that such judgment is a bar to this action. A copy thereof is attached to the answer. The plaintiff, for reply to this affirmative defense, did not deny any of the allegations thereof, but pleaded that the lot he intended to purchase was not the lot described in said con-

tract, and that he was induced to enter into the said contract by false and fraudulent representations.

Several questions are argued in the briefs, but the question of *res adjudicata* so clearly determines the case that we shall not discuss any other. Cause No. 57,805 was brought by the respondent for the purpose of terminating the contract therein referred to, and of forfeiting the money paid thereon, and of quieting title of respondent against the claim of the appellant. Several defenses were attempted to be made to that action, one of which was that the contract was procured by fraud. Upon a trial of the issues in that case, the court found in favor of the appellant, and recited in the judgment: "and the court, having considered the allegations of the complaint and the answer and the testimony submitted at the trial and the argument of counsel thereon, finds that the allegations of the complaint are true and that the plaintiff is entitled to the relief prayed for in his complaint." Then follows a decree quieting title in the respondent.

It is not disputed that the money in controversy in this action was paid to the respondent for the lot which appellant was seeking to purchase by the contract in controversy in that action. Whether the money was paid upon the contract or for the land is immaterial. The money was paid by virtue of that contract, and the action brought by this respondent was for the purpose of enforcing the provisions of that contract, among which was the forfeiture of the money now in controversy as provided in the contract. That was one of the issues. It is plain that, if the right to forfeit this money was not litigated in that action, it should have been, and the rights of the parties thereto finally determined. The rule is that, in an action between the same parties, a judgment therein is *res adjudicata* as to all points in issue, and also all points which might have been raised and adjudicated. *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Isensee v. Austin*, 15 Wash. 352, 46 Pac. 394;

*Spokane Valley Land & Water Co. v. Jones & Co.*, 53 Wash. 37, 101 Pac. 515.

In *Isensee v. Austin*, *supra*, this court quoted the general rule as stated in Black on Judgments, and then said:

"If the parties of the second part to this contract had a right to plead overpayment by reason of their subrogation to the rights of the trust company, that right existed in the action between appellants and Stenger and should have been there adjudicated. In that suit the contract was canceled. If there was any reason why the contract should not be canceled and if the defense urged here could be substantiated, it should not have been canceled, and that defense should have been urged in the former trial, and, not having been urged, it is lost."

The same is true in this case. If the contract in case No. 57,805 was not a valid or binding contract for any reason, that fact should have been pleaded and shown in that action, so that the appellant here might have had a rescission and the return of his money. That issue was presented, and the court there found that the contract was a valid one, and adjudged a forfeiture under its terms. It is sought now to try the same question over again in this action, by alleging other facts in reply to the answer. This clearly may not be done.

The judgment of the lower court must therefore be affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.