[No. 9011.   Department One.   December 16, 1910.]

McPHERSON BROTHERS COMPANY, *Appellant*, v. OKANOGAN COUNTY *et al.*, *Respondents*.[1]

JUDGMENT—RES JUDICATA—BAR—MATTERS CONCLUDED. The dismissal of an action to specifically enforce a public sale of county property, on the ground that no bad faith of the officials appeared, is *res judicata* and a bar to another action between the same parties to enforce the same contract on the allegations of bad faith, that having been set up in the first complaint in the former action and abandoned by the filing of an amended complaint.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered December 27, 1909, in favor of the defendants, dismissing an action for specific performance, upon overruling a demurrer to the answer. Affirmed.

*Peter McPherson*, for appellant.
*Alvin W. Barry*, for respondents.

MOUNT, J.—The appellant brought this action, seeking to specifically enforce an alleged contract for the purchase of certain real estate. The respondents, for answer to the

[1]Reported in 112 Pac. 267.

complaint, denied the material allegations necessary to recovery, and pleaded affirmatively that the action was barred by time, and also that there has been a former adjudication of the subject-matter of the action between the same parties. The plaintiff filed a demurrer to the affirmative matter alleged in the answer. The court overruled this demurrer, and the plaintiff electing to stand thereon, the action was dismissed. Plaintiff has appealed.

It is conceded in the case that the parties and the subject-matter of the action are the same as in a prior action which was decided adversely to the appellant below, and which was appealed to this court, and upon such appeal we held that there was no contract between the parties which could be specifically enforced. *McPherson Brothers Co. v. Okanogan County*, 45 Wash. 285, 88 Pac. 199. We said in that opinion:

"The record here is silent as to the reason that the officer refused to accept the appellant's bid, but nothing is alleged in the complaint to overcome the presumption that the officer acted in good faith, and within his best judgment."

After the decision in that case, the appellant brought this action, and alleged bad faith of the officers in addition to the facts set out in the original complaint, upon which the case was finally submitted to this court in the case above cited. Appellant now argues that, by reason of these allegations of bad faith on the part of the county officers, the case was not finally adjudicated upon the other appeal. The answer in this case shows, that there was an original complaint and two amended complaints in the former action; that in the original and in the first amended complaint, allegations were made of bad faith on the part of the officers, substantially the same as in the complaint in this action, but when the second amended complaint was filed in the other action these allegations of bad faith were omitted. It clearly appears, therefore, that the appellant knew all the facts now alleged at the time the first action was brought. The general rule is,

and has often been stated by this court, that "in an action between the same parties a judgment therein is *res adjudicata* as to all points in issue, and also all points which might have been raised and adjudicated." *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49, and cases there cited.

In *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946, we said:

"It is hardly worth while to go into a discussion of the doctrine of *res adjudicata* and the cases cited thereon. This court has, in more recent cases, somewhat modified the doctrine as announced in the earlier cases, where the old rule was laid down that the plea of *res judicata* applies not only to points which were raised, but to those which might have been raised in the trial of the former action. But no court, we think, has gone so far as to allow a litigant to experiment with a court by trying his case piecemeal. The cause of action which the appellants now urge was available to them at the former trial. . . . They should not be allowed to split their causes of action, try their case out on a part of their causes and, if they fail, commence another action setting forth the other causes."

This is precisely what the appellant in this case has attempted to do. It brought its first action upon an alleged contract which it claimed arose out of a bid it had made for land offered at public sale by the county. It alleged in its original complaint that the officers conducting the sale had acted in bad faith in not striking the land off to it. It subsequently abandoned this allegation, and the case was submitted upon a complaint which alleged a completed contract. The case was appealed, and we held there was no enforcible contract, and stated that there was no claim of bad faith. Then plaintiff brought another action against the same parties, based upon the same causes, alleging bad faith. It selected the ground upon which it based its original cause of action and was defeated. Under the rule stated above, it is bound by the decision in that case.

The judgment must therefore be affirmed.

Rudkin, C. J., Parker, Fullerton, and Gose, JJ., concur.