[No. 10076.   Department Two.   April 3, 1912.]

GEORGE H. THOMPSON, *Respondent*, v. WASHINGTON NATIONAL BANK, *Appellant*.[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED—SUBSEQUENT PERFORMANCE. Where a contractor had turned over his work as completed, refused further performance, and the only issue was whether there had been a substantial performance, the other party claiming that the work was worthless and a damage, a judgment dismissing an action to foreclose his lien, after a trial on the merits, is *res judicata* and a bar to another action to recover on the same contract in which the plaintiff offered to show that subsequently to the former judgment he had tendered full performance involving only a nominal expense of $12, and that the tender was refused.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered May 2, 1911, in favor of the

[1]Reported in 122 Pac. 606.

plaintiff, upon agreed facts, in an action on contract.   Reversed.

*E. E. Wager,* for appellant.

*Hovey & Hale,* for respondent.

ELLIS, J.—The material facts in this case are as follows: On February 23, 1909, the respondent, plaintiff below, contracted with appellant to furnish the tiling and lay a tile floor in the appellant's bank building, at Ellensburg, Washington, for an agreed consideration of $229.95.   On March 2, 1909, the respondent claimed that the work was completed, but the appellant, claiming that the work was not performed in accordance with the contract, refused to pay for it. The respondent thereafter, on May 26, 1909, filed his claim of lien for the full amount of the contract price, and on June 29, 1909, commenced an action, numbered 4114, in the superior court for Kittitas county, to foreclose the lien.   The appellant contested that action, alleging that the work was not completed in accordance with the contract, that the tiling was worthless and of an inferior grade, that it was carelessly and negligently laid, and instead of being white as agreed was dark, dirty, stained, and discolored.   That action was tried to the court, and on January 25, 1910, a judgment was entered therein which, omitting formal parts, was as follows:

"After listening to the testimony of the witnesses on behalf of both the plaintiff and the defendants and the argument of counsel, the court took said cause under advisement.

"And now, therefore, on this the 24th day of January, A. D. 1910, the court being fully advised in the premises, and having duly considered the same, it is by the court ordered, adjudged and decreed that the plaintiff take nothing by his said action, and that said cause be, and the same hereby is dismissed.

"And it is further ordered and decreed that the defendant Washington National Bank have and recover of and from the plaintiff, George H. Thompson, its costs and disbursements expended in this action, taxed at the sum of thirty-

seven and 35-100 dollars, and that execution issue therefor.

"It is further ordered that the mechanic's lien filed by the plaintiff against the property of the defendant in the office of the auditor of Kittitas county, Washington, on the 26th day of May, 1909, be, and the same hereby is cancelled and satisfied.        Ralph Kauffman, Judge."

No appeal was taken from that judgment.

In September, 1910, the respondent commenced this action in the same court upon the same contract, to recover the contract price for the same work, but without seeking to assert any lien. The appellant in defense set up the judgment in the prior action as *res adjudicata.* The cause was tried to the court upon a statement of agreed facts, the material parts of which were as hereinbefore set out; and in addition it was admitted that, in May, 1910, the plaintiff offered to complete the contract, which offer the defendant refused, and that the only defect in the work was the discoloration and stain of the tiling, and that the defendant, after the judgment was entered in the first action, had the discoloration and stain removed by an expert tile layer at a cost of $14. A statement of the trial judge, setting forth the grounds upon which the former judgment was rendered, was admitted in evidence, as follows:

"At the trial of the cause No. 4114, between the same parties to this action, embracing the same subject-matter as the cause on trial, the court held that the cause should be dismissed for the reason that no substantial compliance with the contract had been proven solely in that the tiled floor in question was by the plaintiff left in a stained and discolored condition and the plaintiff had refused on demand of the defendant to remedy this defect, and the plaintiff contending and testifying to the effect that he had fully complied with the terms of the contract."

The introduction of this statement was objected to by the appellant, as incompetent to impeach the recitals of the former judgment. All objection to the trial judge testifying was waived.

The court found as to the contract and prior suit substantially as above set out, and in addition the further admitted facts that, about May 10, 1910, the respondent tendered a full performance and offer to clean the floor, which tender was refused by the appellant, and that the appellant itself cleaned the floor at an expense of $12. On these findings, the court entered judgment in favor of respondent, for the amount prayed for less $12, and for costs. From that judgment this appeal was prosecuted.

The sole question for our consideration is, Was the judgment in the first action a bar to the respondent's recovery in the second? The doctrine of *res adjudicata* is grounded in estoppel. In every such case the burden of proof that the prior judgment disposed of the identical issues involved in the later suit rests upon him who seeks to assert the estoppel. In order to sustain this burden, two things only are essential:

. "(1) That the issue in the second action, upon which the judgment is brought to bear, was a material issue in the first action, necessarily determined by the judgment therein; (2) That the former judgment was upon the merits." 1 Freeman, Judgments (4th ed.), § 256.

In the case before us, there seems to be little necessity for looking beyond the record in the former suit to ascertain what was the real issue brought before the court and necessarily determined by the former judgment. The complaint in that case set up but a single cause of action. It alleged the making of the contract, the performance of the work, and the defendant's failure to pay the contract price; and prayed for judgment for the contract price and a foreclosure of the lien. The answer admitted the making of the contract, admitted the failure to pay the contract price, denied the performance of the work, and set up as an affirmative defense and counterclaim that the tiling was so laid and was so stained and discolored as to be an injury to the property, and that the plaintiff refused to remedy the defect. The prayer was for judgment for damages on the counterclaim.

The affirmative defense and counterclaim was traversed by the reply.

It is manifest that there was thus presented one issue, and but one, without a determination of which the judgment as entered could not have been reached, viz., Had the plaintiff substantially performed his contract? A determination of that issue was essential to any judgment. It was the one issue going to the merits. The judgment was that the plaintiff take nothing by his action, and that the cause be dismissed. That judgment, whether right or wrong, necessarily determined that there had been no substantial performance of the contract by the plaintiff. If on the record there could be any doubt as to what issue the judgment determined, that doubt was removed by the court's statement that the sole issue determined was that there had been no substantial performance of the contract.

There remains but one inquiry: What was the issue in the second action upon which the judgment in the first is brought to bear? The complaint in the second action sets up the same cause of action as that in the first, and in practically the same language, except that no lien is claimed. The issue tendered clearly was the same as that in the first action, viz., Had the plaintiff substantially performed the contract? The fact that at the second trial he was able to prove what the court had adjudged he did not prove at the first did not change the issue. The fact that events subsequent to the first suit proved to a demonstration that the work was substantially completed when he turned it over to the defendant cannot alter the case, in the absence of a new trial regularly granted on motion. It was incumbent upon the plaintiff at the first trial to prove this substantial performance, since he claimed performance and had refused to further perform. *Washington Bridge Co. v. Land & River Imp. Co.*, 12 Wash. 272, 40 Pac. 982; *Edison General Elec. Co. v. Canadian Pac. Nav. Co.*, 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315.

It is admitted that he had the opportunity to clean the tiling himself, and thus make the demonstration prior to the first trial. The means of proof of substantial performance were as available to him then as now, and that was the sole issue. We know of no rule of law or principle of equity which will permit a contractor, who has turned over the work contracted for as completed, refused to further perform, sued for the contract price, submitted his evidence of substantial performance to the court, and failed to appeal from a judgment against him, to thereafter, by mere offer to further perform, reopen the issue and retry his cause of action on the same evidence, plus evidence of the subsequent offer to perform and evidence of the actual cost to complete performance. Additional evidence to the same issue does not change the issue. The respondent at the time of the first suit had, either wilfully and intentionally, refused to complete his contract, or had substantially performed it. The judgment determined that he had refused to substantially perform. Having elected his ground, and stood upon his claim of performance, and the court having in effect found that he had broken his contract, he could not thereafter make the contract a basis of any relief in the absence of an appeal. *Mortimer v. Dirks*, 57 Wash. 402, 107 Pac. 184.

If an adjudication against him on one tentative claim of performance is not *res adjudicata*, then a second would not be. There would be no end of the litigation. He might at various stages of a more or less complete performance of the work repeatedly invoke the court's decision as to whether there was a substantial performance, by a mere offer to further perform on each holding of the court that the prior performance was not complete. Such experimental use of the courts is not compatible with an orderly administration of justice. "No court, we think, has gone so far as to allow a litigant to experiment with a court by trying his case piecemeal." *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946.

While it is true, as said in 23 Cyc., page 1161, that: "When new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bar;" the same text continues: "But the change of facts will not affect the estoppel, if no new element is introduced, and the legal rights and relations of the parties remain as before." 23 Cyc. pp. 1161, 1162. *Thomas v Joslin*, 36 Minn. 1, 29 N. W. 344, 1 Am. St. 624; *Givens v. Thompson*, 110 Mo. 432, 19 S. W. 833. The status of the parties, in their relation to each other and to the subject-matter of the actions, was fixed once for all by the respondent when he abandoned the work and turned it over as completed, refusing to do more. The issue in each action was as to whether the work was then substantially performed.

"The rule is that, in an action between the same parties, a judgment therein is *res adjudicata* as to all points in issue, and also all points which might have been raised and adjudicated." *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49.

See, also, *State ex rel. Schmidt v. Superior Court*, 62 Wash. 556, 114 Pac. 427; *McPherson Bros. Co. v. Okanogan County*, 61 Wash. 239, 112 Pac. 267.

The judgment in the first action, whether right or wrong, determined the issue now presented. No appeal having been taken therefrom, that determination was final. The defense of *res adjudicata* should have been sustained. The judgment is reversed, and the cause remanded for dismissal.

DUNBAR, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.