[No. 11983. Department Two. August 10, 1914.]

DOROTHY HAWKINS, *Appellant*, v. FRANK REBER, *Respondent.*[1]

JUDGMENT—RES JUDICATA—BAR—MATTERS CONCLUDED. In a prior action on contract in which the issue was as to whether there had been a complete settlement of differences prior to the bringing of the action, and the court found that such was the case, and no appeal was taken therefrom, the judgment therein is *res judicata* and a bar to a subsequent action between the same parties for a recovery upon *quantum meruit*, in which the same issues were involved as in the former action.

Appeal from a judgment of the superior court for King county, Irwin, J., entered July 30, 1913, in favor of the defendant, upon the pleadings, in an action on contract. Affirmed.

[1]Reported in 142 Pac. 432.

*Alfred Gfeller*, for appellant.

*Williamson, Williamson & Freeman*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover the alleged reasonable value of services rendered by the plaintiff to the defendant between September 1, 1899, and May 1, 1910. The amount claimed is $9,600, and legal interest thereon. The defendant answered the plaintiff's complaint and denied generally the allegations thereof. For a first affirmative defense, the defendant pleaded a prior action between the parties as a bar to this action. For a second affirmative defense, the defendant alleged that, on the 2d day of May, 1910, the plaintiff and the defendant settled all their differences, and in consideration of that settlement, the defendant paid to the plaintiff $1,200, in full settlement of all claims against him. The plaintiff replied, admitting the former action and the judgment therein, as alleged in the first affirmative defense, but denied that that judgment was a bar to the present action. The plaintiff also admitted the receipt of the $1,200 as alleged in the second affirmative defense, but alleged that that money was paid to the plaintiff as consideration for the execution of certain deeds. The plaintiff also denied that there had ever been any settlement or compromise of the claim upon which the action was founded. Attached to the defendant's answer, is a copy of the original complaint, answer, reply, findings of fact, and the judgment of the trial court in that action between the same parties. After the plaintiff had filed her reply, the trial court sustained a motion for judgment on the pleadings, and dismissed the action. The plaintiff has appealed.

But one question is presented in the briefs, and that is, whether or not the prior action is *res judicata* and a bar to this action. The appellant argues that the first action was based on a contract of partnership between the parties, and that this action is for the reasonable value of services ren-

dered during the same period of time, and that the former suit upon an express contract is not a bar to the second suit upon a *quantum meruit* for the same services when it takes different evidence to establish it. *Budress v. Schafer*, 12 Wash. 310, 41 Pac. 43; *Thayer v. Harbican*, 70 Wash. 278, 126 Pac. 625; and *Egbers v. Fischer*, 73 Wash. 308, 131 Pac. 1128, are cited to sustain this position.

It is probably true that, where the plaintiff alleges an express contract, and fails to prove such a contract, and the suit is dismissed for that reason, an action upon a *quantum meruit* may be afterwards maintained. But in this case, an inspection of the pleadings in the former action shows that the respondent in this action (the defendant in that action) not only denied the partnership, but as an affirmative defense, alleged that, prior to the beginning of that action, and on May 2, 1910, the plaintiff and the defendant, by mutual agreement, settled all matters of difference between them, and in consideration thereof the defendant executed and delivered to the plaintiff his check for $250, and 19 promissory notes for $50 each; and thereafter delivered to the plaintiff certain articles of personal property. That allegation was denied in the original action, and was one of the main issues tried in that case. After hearing all the evidence, the court found, as a fact, that, on the 2d day of May, 1910, the plaintiff and the defendant, by mutual agreement settled all matters of difference between them, and that the defendant paid to the plaintiff the sum of $1,200 in consideration thereof, and that "it was understood and agreed between the parties at said time that said settlement was a full and complete settlement and adjustment of all the differences between the plaintiff and defendant. . . . That the plaintiff and defendant fully settled and adjusted all matters of difference between them on May 2, 1910, prior to the commencement of this action."

As stated by us in *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49:

"The rule is that, in an action between the same parties, a judgment therein is *res adjudicata* as to all points in issue, and also all points which might have been raised and adjudicated."

To the same effect, see, *McPherson Bros. Co. v. Okanogan County,* 61 Wash. 239, 112 Pac. 267; *Sweeney v. Waterhouse & Co.,* 43 Wash. 613, 86 Pac. 946; *State ex rel. Schmidt v. Superior Court,* 62 Wash. 556, 114 Pac. 427; *Thompson v. Washington Nat. Bank,* 68 Wash. 42, 122 Pac. 606, 39 L. R. A. (N. S.) 972. We think this rule is conclusive of this case. It is admitted in the pleadings that the issue upon a former trial between the same parties was whether or not there had been a voluntary and mutual settlement of all the differences between them prior to the bringing of that action. The court, upon trial of that issue, as stated above, found as a fact that there was a "full and complete settlement and adjustment of all differences" between the parties. That judgment was unappealed from. The time for appeal has long since gone by. It was a final adjudication of the differences, and *all the differences, between the parties up to that time.* The trial court in the former action based its judgment upon this settlement. It is plain, therefore, that the former action is a complete bar to the cause of action alleged in the complaint in this action.

The judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.