[No. 14375.  *En Banc.*  May 4, 1918.]

## TACOMA MILL COMPANY, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

JUDGMENT — RES JUDICATA — MATTERS CONCLUDED.  A judgment denying injunctive relief growing out of an alleged violation of a contract, on the ground that mutual mistake had neither been properly pleaded, nor sufficiently proved if pleaded, is *res adjudicata,* and a bar to a subsequent action between the same parties to reform the contract on the ground of mutual mistake; since the merits were, or might have been, litigated in the former action.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered July 7, 1917, in favor of the defendant, dismissing an action to reform a contract, tried to the court.  Affirmed.

*John D. Fletcher* and *Hughes, McMicken, Ramsey & Rupp,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for respondent.

WEBSTER, J.—Appellant brought this action to reform a written contract made between the parties on

[1]Reported in 172 Pac. 812.

January 24, 1906, upon the ground of mutual mistake. From a judgment denying the relief sought, this appeal is prosecuted. The controversy between the parties was before this court on a former appeal, in an action brought by the appellant against the respondent for injunctive relief growing out of an alleged violation of the written agreement above referred to, by the respondent railway company in its threatened use of the right of way granted by appellant to respondent which was the subject-matter of the contract and deed involved in the former litigation. A statement of the facts out of which this litigation arose appears in the former opinion, 89 Wash. 187, 154 Pac. 173.

The complaints in both actions set forth in detail the negotiations between the parties leading up to the execution of the written contract and right of way deed, and the evidence introduced upon the second trial was identical with that presented in the first, with the exception of the additional testimony of E. C. Hughes, which was merely cumulative and would have been pertinent to the issues raised in the former action if appellant's theory of the case had been sustained by the court. The controversy between the parties is with respect to the nature and extent of the right of way granted by appellant to the respondent, the former contending that it was merely a limited and qualified easement for the uses and purposes of the "Bay side extension" of the railway company's line to be used for a freight and industrial track only, while the latter contended that the easement conveyed by the mill company is an absolute and unqualified grant of the right of way for any and all legitimate railway purposes. Appellant, in support of its position in the former case, alleged and sought to prove by oral testimony and correspondence between the parties that the intention was to grant merely the restricted privilege above

stated, while the respondent insisted that the written contract was clear and unambiguous, hence not open to extraneous construction. The court below, as well as this court, on the former appeal, upheld the contention of the respondent and denied the appellant the relief prayed. In the briefs on the former appeal it was insisted by appellant that, ''Where a bill in equity states the facts showing what was the real agreement and intention of the parties and asks the enforcement or protection of plaintiff's rights thereunder, coupled with a prayer for general relief, the court will grant the full relief to which the party is entitled, either by reforming the instrument to express the intention of the parties, or by treating it as so reformed.'' In considering this matter, this court, in the former opinion, said:

''Appellant did not plead any mistake or fraud. There was no fiduciary relation between the parties. They dealt at arm's length. Each party was represented by extremely competent counsel. They proceeded with the utmost care and deliberation. Without reviewing all the cases cited by appellant upon this phase of the case, it will be found that in nearly all of them appears some fact or circumstance tending to show fraud or mistake, aside from the mere reliance upon the representations of the other party to the contract as to its contents.''

Thus it will be seen that the court declined to adopt appellant's view for the reason, first, that mutual mistake had not been properly pleaded; and secondly, that the facts established did not warrant the relief sought, even though that issue had been properly tendered by the pleadings. Whatever may be the views of the writer concerning its soundness, this holding became the law of the case and is binding upon both parties and the court on this appeal. It will not be

seriously contended that it was not competent for appellant in the first action to have sought a reformation of the instrument in question on the ground of mutual mistake. In fact, as we have just stated, it was insisted that the facts set forth in the complaint, coupled with a prayer for general relief, in the light of the evidence disclosed by the record, entitled plaintiff to this specific remedy. If the court in the former opinion denied appellant the relief prayed for upon the ground that the evidence did not establish such mutual mistake as will be relieved against in equity, such holding was a decision upon the merits and clearly foreclosed that question. If, upon the other hand, relief was denied because the issue of mutual mistake had not been properly raised by the pleadings, the responsibility for this situation rested upon the appellant. We shall not burden this opinion by the citation of cases showing that this court is committed to the doctrine that an adjudication by a court having jurisdiction of the subject-matter and of the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties could and ought to have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action.

While we are impressed with the equities of appellant's case, we are impelled to the conclusion that the question sought to be litigated in this action is foreclosed by the decision on the former appeal; hence respondent's plea of *res adjudicata* is a complete bar to plaintiff's right to maintain the present suit. This conclusion renders it unnecessary to consider the other questions presented. The judgment is affirmed.

Ellis, C. J., Fullerton, Holcomb, Mount, Main, and Parker, JJ., concur.