[No. 16817. Department Two. April 7, 1922.]

D. WATSON SYMONS, *Appellant*, v. SAM'L HUTCHINSON, *Respondent*.[1]

JUDGMENT (200)—RES JUDICATA—PARTIES CONCLUDED—PRIVITY. A proceeding by a judgment creditor in aid of execution wherein it was determined that certain property of the judgment debtor was subject to the execution and should be sold by the sheriff, is res judicata and a bar to a subsequent suit by the judgment debtor to enjoin the sheriff from making the sale; and objection that the parties are different is unavailing, since the sheriff is in privity with the judgment creditor, and res judicata applies to those in privity with the parties.

SAME (222)—MATTERS CONCLUDED—ACTUALLY LITIGATED. In a proceeding in aid of execution, although the question that the judgment was dormant was not raised by a formal pleading, a judgment, unappealed from, is res judicata of the question where it was raised orally, considered and actually decided.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered March 18, 1921, in favor of the defendant upon agreed facts, dismissing an action for an injunction, after a trial to the court. Affirmed.

*Henry H. Wende,* for appellant.

*Grady, Shumate & Velikanje,* for respondent.

HOLCOMB, J.—D. B. McBride & Company, a corporation, recovered judgment in the superior court of Washington for Yakima county, on November 26, 1913, against D. Watson Symons and others. On November 9, 1918, an execution was issued on the judgment and a levy made upon real estate in possession of the judgment debtors under a forfeitable contract of purchase from one Margaret Abrams. At the time there was an unpaid balance upon the purchase price in excess of

[1]Reported in 205 Pac. 1057.

$3,000, which was due and the vendor was demanding payment. Symons induced one Helmich to pay the balance due the vendor, and Helmich took a conveyance to himself and wife from the vendor, and then entered into a written contract with Symons and wife, and another Symons and wife whereby they agreed to purchase the land from Helmich and wife.

After the levy under the execution was made, and on December 5, 1918, McBride & Company brought an action in the same court in aid of execution. Appellant and other judgment debtors, and Helmich and wife, were made defendants, and prayed that all of the defendants set forth their interests in the land levied upon. Issue was joined in this action and it came on for trial on April 14, 1920. The parties stipulated as to the facts, one of the stipulations being that the defendants Helmich and wife held the legal title to the property in trust for the Symons. Appellant raised the point that further action on the judgment and execution issued thereon was barred by the statute of limitations, in that more than six years had elapsed since the entry of the judgment procured by McBride & Company, but the trial court took the view that, inasmuch as the execution had issued prior to the expiration of the six years, a sale could be had thereunder, and therefore overruled the objection and entered a decree in favor of McBride & Company and against appellant, and other judgment debtors, that the real estate levied upon on November 9, 1918, by the sheriff of Yakima county, or so much thereof as may be sufficient to satisfy the judgment, be sold at public auction by the sheriff, subject to the claims of the defendant Helmich in the sum of $3,000 and interest. No appeal was taken by the appellant from the judgment and decree of the court in that action, nor was any other ac-

tion of any kind taken until October 4, 1920, when appellant brought action against respondent as sheriff to enjoin him from selling the land, the basis thereof being that, since the judgment upon which the execution was issued was entered November 16, 1913, more than six years had expired, and that consequently under Rem. Code, § 459 (P. C. § 8163), the lien of the judgment had ceased to exist, and the proposed sale by the sheriff of the land involved was unlawful. A temporary restraining order was issued enjoining respondent from selling the land until the further order of the court. Issue was joined in the action, and upon the trial the court took the position that the question raised in this action was precisely the same question as the one litigated in the previous action and was *res judicata,* entered judgment dismissing the action and dissolving the temporary restraining order. Respondent thereafter proceeded to, and did, sell the interests of appellant in the land referred to, pursuant to the execution, on April 23, 1921, which sale was confirmed May 10, 1921.

Appellant contends that the court erred in holding that the matters litigated in this case had been litigated in the previous case in the proceeding in aid of execution and were *res judicata;* and erred in dismissing the action and refusing to properly enjoin respondent from selling the interests of appellant in the land described in the complaint.

It is admitted by appellant that it was suggested in the former action that the sale of the property could not be had because the judgment had become dormant, as more than six years had, or would have, expired at the time of the sale. But it is argued that, since the former action was brought well within the six-year period of the lien of the judgment, no plea of the stat-

ute of limitations could have been successfully made, either by answer or otherwise, and that the decision of the court in that proceeding was correct, as that action was not barred at the time it was brought.

Appellant also argues that, while conceding for the sake of argument, but not admitting, that the question of the statute of limitations was before the court in the former proceeding, yet the decision of the trial court in that proceeding was erroneous, as suggested by the court in this last action; still it was not *res judicata* as far as this case is concerned, as the two cases in which the question arose do not comprise the four requisites necessary to make a matter *res judicata*. The general rule laid down in 34 Cyc. 1666 is quoted as follows:

"In order to make a matter *res adjudicata* there must be a concurrence of the four conditions following, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made."

And *De Mattos v. Jordan,* 15 Wash. 378, 46 Pac. 402, is quoted, where we said:

"The plea of *res judicata* is not available as a defense where the parties to the action are not the same as in the one in which the judgment sought to be set up was rendered."

See, also, *Weatherwax Lumber Co. v. Ray,* 38 Wash. 545, 80 Pac. 775, where we said:

"A judgment in a former action is not *res adjudicata* when the parties and issues were not the same;"

Putting to one side the question of whether the execution having issued prior to the expiration of the six-year period, the court had the right to proceed to a determination of the interests of the judgment debtors in the land levied upon and order the sale thereof, and the further question that the statute of limitations was

not available in the former action because not pleaded, we proceed immediately to discuss the question of *res judicata.*

The principle of *res judicata* applies not only to the parties to the action, but to those in privity with them. The basic principle upon which the doctrine of *res judicata* rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity given for such trial, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate. 15 R. C. L., p. 953, § 430.

In the former proceeding in aid of execution, the judgment creditor was a party. His action resulted in disclosing that the judgment debtor, who is the appellant here, owned certain property which was ordered sold through the instrumentality of the sheriff of Yakima county, who is respondent here. We think it must be held that there was such a privity in law between the judgment debtor and the sheriff holding his property by law that the rights acquired by the judgment creditor against the judgment debtor by virtue of the judgment in the first action inured to the benefit of the sheriff in carrying out the mandate of the court, so that there is not only an identity of persons, but an identity of the quality of the persons for or against whom the claim was made.

It is true appellant did not, in the former proceeding, by his formal written pleading, raise the question that the judgment was dormant, but he did suggest the question that the judgment was dormant at least orally, and the matter was considered by the court and decided against him. From that adverse decision, no

appeal was taken by appellant, and that judgment became final and conclusive. It was a final and appealable judgment or order adjudicating a substantial right. It is pointed out in 15 R. C. L., p. 969, § 446, that a defendant is required to set up all of his defenses, and if he neglects to do so he is concluded by the judgment rendered, and it operates as *res judicata,* not only in regard to the existence of plaintiff's cause of action, but as to the non-existence of any defense which was not pleaded. We have decided to the same effect in *Olson v. Title Trust Co.,* 58 Wash. 599, 109 Pac. 49, and *Thompson v. Washington National Bank,* 68 Wash. 42, 122 Pac. 606, 39 L. R. A. (N. S.) 972.

In the former proceeding it was pointed out to the trial court, at some time before judgment, that, although the statute of limitations had not expired on the judgment in question at the time of the answer of appellant, it would expire prior to the sale under the execution. The trial court took cognizance of the suggestion as if it were a formal plea. Evidently it was thought that this would constitute a bar to the proceeding, and for that reason was raised in the former proceeding. Whether the court decided correctly or not cannot now concern us, because it is a question that was raised between parties who are necessarily in legal privity, and was so adjudicated.

We conclude, therefore, that the judgment of the trial court was correct and must be affirmed.

Judgment affirmed.

PARKER, C. J., MAIN, HOVEY, and MACKINTOSH, JJ., concur.