## MITCHELL v. CUNNINGHAM.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925. Rehearing Denied November 16, 1925.)

No. 4650.

**1. Judgment ⊕⇒828(3)—Federal court has duty to give such effect to decree of state court as it was entitled to under laws of state.**

Decree of state court in action to set aside conveyance, pleaded in bar of action to quiet title in federal court, must be given the effect to which it is entitled under state laws.

**2. Judgment ⊕⇒470—Decree of court of general jurisdiction, responsive to prayers in petition, cannot be treated as nullity, where defendant appears generally and is heard, and corrections not examined on collateral attack.**

The decree of a court of general jurisdiction, which is responsive to the prayer of plaintiff's initial pleading, and which has some reasonable support in the allegations thereof, cannot be treated as a nullity, where defendant appears generally and is heard, and the correctness of such decree will not be inquired into on collateral attack.

**3. Judgment ⊕⇒828(3)—Plaintiff, appearing in state court as defendant, could not collaterally attack decree therein as not warranted by facts alleged and proved, in suit in federal court involving same property.**

Where plaintiff appeared generally as defendant in suit in state court to set aside conveyances, and had opportunity to be heard as to matters involved therein, including form of decree, he could not collaterally attack such decree as unwarranted by allegations and proof, in a suit instituted by him in federal court to quiet title to same property; decree being final determination of rights of parties, under Rem. Comp. Stat. Wash. § 404, and being res judicata as to all matters decided therein and points which might have been raised or adjudicated.

**4. Quieting title ⊕⇒10(1) — Plaintiff must recover on strength of his own title, and not on weakness of adversary's.**

Plaintiff must recover on strength of his own title, and not on weakness of adversary's.

**5. Fraudulent conveyances.** ☞317—**Conveyance by commissioner pursuant to decree of court vested in grantee inchoate title, until approval of court indorsed thereon, but indorsement may be made at any time.**

Where court, on setting aside conveyance as in fraud of creditors, ordered defendant to convey property in dispute, or on defendant's failure to do so pursuant to Rem. Comp. Stat. Wash. §§ 605–608, ordered clerk of superior court to execute deed as commissioner, such conveyance by commissioner, under section 609 must be examined and approved by the court and approval indorsed therein; and until so indorsed grantee's title remained inchoate, but such indorsement may be made by court at any time after conveyance.

**6. Quieting title** ☞10(1)—**Plaintiff, whose title depended on deed set aside by state court of competent jurisdiction, could not set up that defendant had only inchoate right under commissioner's deed.**

In action to quiet title, plaintiff, whose title depended on deeds which had been set aside in a state court of competent jurisdiction, could not set up that defendant only had inchoate right under commissioner's deed, in view of Rem. Comp. Stat. Wash. § 609, because approval of court was not indorsed thereon, since plaintiff must recover on own title, and not on weakness of defendant's.

Appeal from the District Court of the United States for the District of Washington; Jeremiah Neterer, Judge.

Suit by W. B. Mitchell against Glenn E. Cunningham, as trustee in bankruptcy of Charles Rury. From a decree for defendant, plaintiff appeals. Decree modified and affirmed.

See, also, 2 F.(2d.) 331.

This is a suit to quiet title to real property in Grant, King, Clallam, and Benton counties, Wash. Appellee, defendant below, disclaimed as to the King and Clallam properties, and the court adjudged appellee to be the owner of the other property described in the bill. Plaintiff appeals.

W. B. Mitchell and Fred M. Williams, both of Spokane, Wash., for appellant.

Lloyd E. Gandy, of Spokane, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Prior to April 10, 1920, the property in dispute belonged to Charles Rury. On that day he executed conveyances in favor of appellant. On the 9th of December, 1920, Rury filed his voluntary petition in bankruptcy and was adjudged a bankrupt. Appellee was appointed trustee in bankruptcy, and brought suit in the superior court for Benton county on the 12th of January, 1921, to set aside the conveyances from Rury to appellant. Appellant answered, the questions at issue were tried out, and on the 1st of November, 1922, a decree was entered, setting aside these deeds and requiring appellant to convey the property to appellee. An appeal was prosecuted to the Supreme Court of Washington, and the decree was affirmed. The opinion of the court, speaking through Mr. Justice Parker, is reported in 126 Wash. 294, 218 P. 386.

Appellee pleads this former adjudication and the District Court held it a bar to this suit. Appellant contends that the conveyances of April 10, 1920, were good as between the parties, even if they were void as to Rury's creditors. He also contends that appellee had no standing to litigate the validity of these conveyances, and that the decree in the former litigation should not have gone further than to charge the property with a lien in such sum as would suffice to pay Rury's indebtedness at the date of the conveyances. Appellant claims that any sale of the property should be subject to appellant's statutory right of redemption.

[1] It is our duty to give such effect to the decree of the superior court as it is entitled to under the laws of Washington. Under these laws the superior court is a court of general jurisdiction, vested with general equitable powers. Appellant appeared in the former suit, answered, and set up his defenses. The issues were tried out and determined by the decree or judgment in question.

The Washington court is firmly committed to the doctrine that in such case the decree or judgment "is res judicata as to all points in issue, and also all points which might have been raised and adjudicated." Olson v. Title Trust Co., 58 Wash. 599, 602, 109 P. 49, 50; Thompson v. Washington Nat. Bank, 68 Wash. 42, 48, 122 P. 606, 39 L. R. A. (N. S.) 972; Tacoma Mill Co. v. Northern Pacific, 102 Wash. 95, 98, 172 P. 812; Symons v. Hutchinson, 119 Wash. 430, 435, 205 P. 1057. By section 404 of Remington's Compiled Statutes of Washington for 1922 it is provided: "A judgment is the final determination of the rights of the parties in the action." The Washington court has held that a decree setting aside a fraudulent conveyance and subjecting the property to a lien for the satisfaction of the grantor's debts is good against collateral attack, even where it disregards the homestead rights protected by the Washington statute.

Traders' Nat. Bank v. Schorr, 20 Wash. 1, 54 P. 543, 72 Am. St. Rep. 17; Brandon v. Leavenworth, 99 Wash. 339, 169 P. 867.

Appellant cites a line of authority to the effect that an adjudication, to be binding, must be within the issues. This principle is well established, but it has a very limited application. In a suit to foreclose a mortgage, the court cannot pass a divorce decree. In an action of replevin, the court cannot adjudicate the title to real property. These are illustrations mentioned in appellant's authorities. This case does not fall within the principle invoked.

[2, 3] In the former litigation, appellee alleged that he was the qualified and acting trustee in bankruptcy in the matter of the bankruptcy of Charles Rury; that with intent to defeat the claims of his creditors, on the 10th of April, 1920, Rury conveyed the property in dispute without consideration to appellant; that there were outstanding claims of creditors, proof of whose claims had been filed with the referee in bankruptcy; that the trustee had no funds or assets with which to pay these claims and the expenses of the bankruptcy proceeding. The complaint also alleged with particularity the bankruptcy proceeding and adjudication. Based on these allegations, appellee prayed that the deeds referred to be set aside, and that appellant be required to convey the properties to appellee to be administered in bankruptcy. In his answer appellant admitted some of these allegations, traversed others, and set up an affirmative defense. The decree followed the prayer of the complaint.

Appellant had an opportunity to be heard as to all matters involved in the litigation, including the form of the decree. He cannot now be heard to say that the whole proceeding should be disregarded, because the decree gave larger relief than was warranted by the facts alleged and proved. The decree of a court of general jurisdiction, which is responsive to the prayer of plaintiff's initial pleading, and which has some reasonable support in the allegations thereof, cannot be treated as a nullity, where the defendant appears generally and is heard. The correctness of the decree will not be inquired into on collateral attack.

[4-6] The decree in the former litigation required appellant to convey the property in dispute to appellee, and it was provided that, in case appellant neglected to do so for a period of 15 days, the clerk of the superior court should execute the deed as a commissioner. This provision in the decree was authorized by sections 605-608 of the Remington Code. Section 609 is as follows: "A conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be indorsed on the conveyance and recorded with it."

Appellant did not execute the deed as required, and the clerk of the court, as a commissioner, did execute it. The deed contains no indorsement of approval by the court, as required by section 609, supra, and authorities are cited to the point that, without such approval, the deed is not evidence of title. The above section fixes no time limit within which the court's approval shall be indorsed on the deed, and there is no reason why such indorsement cannot be made in the future. In the meantime appellee's title is inchoate. It does not follow that appellee's title may be disregarded. Appellant must recover on the strength of his own title, and not on the weakness of his adversary's. Appellant's title is wholly dependent on the deeds executed by Rury, and these deeds have been canceled and set aside by the decree of a court of competent jurisdiction; in a cause in which appellant and appellee were the parties.

The decree of the District Court gave affirmative relief to appellee. In view of the provisions of section 609, supra, this portion of the decree should be eliminated. So much of the decree as dismisses appellant's bill with prejudice is affirmed.